# HUSTINGS COURT OF THE CITY OF RICHMOND

Wilbur E. Cook

v.

J. D. Cox, Superintendent,
Virginia State Penitentiary

January 6, 1970

Case No. 8816-L

By JUDGE A. CHRISTIAN COMPTON

The respondent's motion to dismiss is sustained and the petition for a writ of habeas corpus is denied.

The sole issue presented is whether the revocation on August 29, 1965, of the petitioner's parole in connection with a judgment of this Court of December 22, 1954, is valid.

The facts are not in dispute. On September 30, 1963, the petitioner was released on parole while he was serving a twelve year sentence imposed by this Court on December 22, 1954, upon a conviction of the crime of highway robbery. The period of the parole fixed by the Parole Board was to July 22, 1965.

On February 2, 1965, the petitioner was arrested and charged with armed robbery for which offense he was subsequently convicted in the Chesterfield County Circuit Court on July 28, 1965. On February 8, 1965, a warrant was issued by the Parole Board and on August 29, 1965, the aforesaid parole was revoked.

The petitioner asserts that he should be released now and that he should not have been required to serve the remainder of the sentence from which he was paroled for the reason that the Parole Board was without authority to revoke the parole after July 22, 1965.

The respondent agrees that if the petitioner's position is correct that he should be released now but he asserts that the Parole Board had the authority to revoke the parole under Code, Section 53-262 even though the period of parole had expired. This position is supported by the applicable statutes.

The relevant statutes do not require that the parole be revoked within the period of parole. Section 53-262 requires that the Board act as soon after the parolee is arrested and recommitted as "may be conveniently possible." There is no language limiting the time of its action to the parole period. In this case the petitioner was arrested and charged with a crime on February 2, 1965; six days later the warrant of the Parole Board was issued; almost six months later he was convicted of the crime; and about one month thereafter the parole was revoked. Based on these facts, the court does not find that the Board failed to act as soon as "conveniently possible" to revoke the parole.

The petitioner seeks to support his position by drawing an analogy with the provisions of Code Section 53-275 which deals with revocation of the suspension of a sentence and any probation and which provides that the defendant must be "brought before the court at any time within the probation period." See *Vick v. Commonwealth*, 201 Va. 474 (1960). The answer to such an argument lies in the fact that no such limiting language is found in the applicable statutes dealing with parole. Section 53-238(3) gives the Board the power to revoke parole but does not limit the exercise of such power to the parole period. Section 53-262, as previously stated, provides for action as soon as "conveniently possible" but does not limit such action to the period of parole. Moreover, Section 53-263 providing for discharge of the parolee under certain conditions does not allow a discharge merely upon expiration of the parole period.

For the above reasons the petition is denied.