Wesley B. **SHOCKLEY**, Petitioner,

v.

A. E. **SLAYTON**, Superintendent Virginia State Penitentiary, Respondent.

Civ. A. No. 71-C-113-R.

United States District Court,
W. D. Virginia, Roanoke Division.

Nov. 8, 1971.

Robert E. Shepherd, Jr., Asst. Atty. Gen., and Burnett Miller, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

This case comes before this court upon a petition for a writ of mandamus filed *in forma pauperis* by Wesley B. Shockley, a state prisoner. The petition was originally filed in the United States District Court for the Eastern District of Virginia and was then transferred to this court by order dated September 8, 1971.

The pertinent facts are clear and undisputed. On September 13, 1965, Shockley was convicted of statutory burglary in the Circuit Court of Roanoke County, for which he incurred a twelve month jail sentence "to run consecutively and not concurrently with any sentence imposed upon the accused by this or any

other court." The order of conviction also recited:

> [I]t appearing to this court that there is now in the hands of the Sheriff of Roanoke County, a detainer from the authorities of Botetourt County, it is ordered that the said defendant, Wesley Belmont Shockley, be remanded to jail until such time as he can be delivered to the authorities of Botetourt County, Virginia, and thereafter to be transported to Bland Correctional Farm, at White Gate, Virginia.

In October, 1965, petitioner was convicted of similar charges both in the Circuit Court of Botetourt County and in the Hustings Court of the City of Roanoke; each court imposed two-year consecutive prison sentences. Following these judgments petitioner was returned to the Circuit Court of Roanoke County, whereupon pursuant to order he was delivered to the state penitentiary to begin service of his prison sentences. After having been later released on parole, petitioner was convicted of forgery in the Circuit Court of Roanoke County on November 7, 1968, and in addition to the sentence imposed on that conviction, he was ordered to serve the unexpired portion of the original twelve month jail sentence.

Shockley claims that the September 13, 1965, conviction is invalid because the Circuit Court of Roanoke County did not transfer him to Bland Correctional Farm to serve his twelve month jail sentence, but instead released him to the authorities of the Virginia State Penitentiary to serve the other 1965 sentences. Because of the failure to transfer him initially to the farm, the circuit court lost any and all jurisdiction over him. Therefore, he argues that the detainer for the unexpired term of that sentence should be dismissed.

Shockley has presented his claim in previous petitions for writs of mandamus or habeas corpus filed in the District Court of Roanoke County, the United States District Court for the Eastern District of Virginia and in this court, all of which denied relief. He has been equally unsuccessful in his pursuit of appellate relief in the United States Circuit Court of Appeals for the Fourth Circuit and in the Virginia Supreme Court of Appeals. In its memorandum opinion the United States District Court for the Eastern District of Virginia stated, in Shockley v. Cox, Civil Action No. 474–70–R (August 31, 1970) that:

> the allegation is frivolous on its face and does not present any justiciable claim either on habeas corpus, All-Writs Act, or as a claim under 42 U.S.C., Section 1983 for deprivation of civil rights. The transfer of state prisoners in accordance with court orders does not violate any civil rights.

By memorandum decision dated March 24, 1971, the United States Circuit Court of Appeals for the Fourth Circuit affirmed the lower court's judgment.

Although we will not inquire whether or not petitioner more properly should have sought habeas corpus relief, we nevertheless think that the principles of the finality rule, as embodied in 28 U.S.C. § 2244 with respect to successive habeas corpus petitions, are equally applicable to successive petitions for writs of mandamus. Since the claim raised herein has been previously adjudicated in the federal courts and no new or previously undetected matters are now alleged, it is unnecessary to make an independent determination of the merits; accordingly, the petition should be dismissed as repetitious. *See* Johnson v. Copinger, 420 F.2d 395 (4th Cir. 1969). However, we shall review petitioner's claim in order to supplement the prior adverse decisions of the federal courts.

Petitioner argues that as a matter of law multiple sentences must be served in the order in which they are imposed by judgment. Admittedly this is the well-established administrative practice; but there is no constitutional or statutory requirement that sentences must be served in the order contended. Secion 53–207, Virginia Code Annotated, does state that sentences "shall commence and be computed from the date

of the final judgment". This section however is not mandatory and it must be read in conjunction with, and when in conflict must give way to, Section 19.1–294 which provides that multiple sentences shall run consecutively and not concurrently, unless otherwise directed by the court. Hudson v. Youell, 179 Va. 442, 19 S.E.2d 705 (1942) cert. den. 317 U.S. 630, 63 S.Ct. 47, 87 L.Ed. 508; see also Perkins v. Peyton, 369 F.2d 590 (4th Cir. 1966); Connor v. Commonwealth, 207 Va. 455, 150 S.E.2d 478 (1966); Wilkinson v. Youell, 180 Va. 321, 23 S.E.2d 356 (1942). Moreover nothing in Section 53–207 nor any other provision specifies the sequence in which sentences must be served. Peyton v. Williams, 206 Va. 595, 145 S.E.2d 147 (1965); Connor v. Commonwealth, supra. Thus both the nature and sequence of service of multiple sentences are determined by the court or courts rendering judgment.

■ It is clear from its order that the Circuit Court of Roanoke County relinquished its custody of petitioner to the other state courts for a limited time and for the limited purpose of permitting those courts to try petitioner on the charges alleged therein. Since petitioner had not actually begun to serve the sentence imposed by the circuit court, that court's temporary loss of custody was not also a loss of jurisdiction. Cf. Perkins v. Peyton, supra. It was therefore not improper for the circuit court to amend its order and thereby release petitioner to the state penitentiary rather than to Bland Correctional Farm. So long as the kind, amount and sequence of punishment were clearly specified before petitioner began to serve any of the sentences, none of his constitutional rights were violated. See Wilborn v. Saunders, 170 Va. 153, 195 S.E. 723 (1938).

Because of the foregoing reasons, it is ordered that the petition for a writ of mandumus be dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of this court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1.   the party or parties taking the appeal;

2.   the judgment, order or part thereof appealed from; and

3.   the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to send copies of this opinion and judgment to the petitioner and to the respondent.