# Richmond

## William H. Vick v. Commonwealth of Virginia.

January 18, 1960.

Record No. 5023.

Present, All the Justices.

The opinion states the case.

*James N. Garrett* (*Allen J. Gordon*, on brief), for the plaintiff in error.

*D. Gardiner Tyler, Assistant Attorney General* (*A. S. Harrison, Jr., Attorney General*, on brief), for the Commonwealth.

I'Anson, J., delivered the opinion of the court.

The question in this case is whether the trial court had juris-diction to revoke six orders of probation and commit the defendant,

William H. Vick, to the State penitentiary for a period of four years.

The record before us shows as follows:

On July 3, 1956, the defendant pleaded guilty to seven separate indictments of grand larceny. The court, after hearing the evidence, found him guilty as charged in each indictment, delayed the imposition of punishment in each case, and referred the matter to the court's probation officer for investigation and a presentence report.

On August 29, 1956, separate orders were entered sentencing the defendant to one year in the State penitentiary on each of the seven convictions, two of which sentences were ordered to run concurrently. Each order concluded with the following language:

"It appearing to the Court that it is compatible with the public interest that the said one (1) year in the Penitentiary herein imposed on the said W. H. Vick be, and the same is hereby suspended and doth place the said W. H. Vick on probation during his good behavior for one (1) year upon the condition that he keep the peace and dignity and not violate any of the laws of the Commonwealth of Virginia, or any other State or the United States for a period of one (1) year and report to the Probation Officer of this Court from time to time as required by law."

On April 23, 1958, the defendant was convicted of a third offense of petit larceny, which was committed on or about February 25, 1958.

On September 26, 1958, an order was served on the defendant to show cause why his probation should not be revoked. The defendant filed a motion in writing to quash and dismiss the show cause order. By orders entered on November 26, 1958, the defendant's motion was overruled, his probation was revoked, and he was committed to one year in the penitentiary on each of the seven separate sentences of August 29, 1956, two of which were ordered to run concurrently. Thereafter, on December 9, 1958, the first order entered on November 26, 1958, was vacated by the court, since the violation of the conditions of probation occurred "more than one year after the defendant was sentenced and after the first year of the period of probation had elapsed," but all other orders entered against the defendant on November 26, 1958, remained in full force and effect.

The defendant contends before us, as he did in the court below, that the trial court did not have the power to revoke his probation on November 26, 1958, and commit him to the penitentiary because his probation period was for one year and had expired on August 29, 1957.

The Commonwealth contends on the other hand that by virtue of § 19-269,[1] Code of 1950, the "sentences and the attributes thereof, probation and suspension, run consecutively," and that the defendant was placed on probation for five successive one-year periods, since two of the seven sentences were ordered to run concurrently.

The authority vested in the trial court to suspend execution of sentence and place the defendant on probation is found in § 53-272, Code of 1950, 1958 Replacement Volume, and its pertinent part reads as follows:

"§ 53-272. * * * After a plea, a verdict or a judgment of guilty in any court having jurisdiction to hear and determine the offense, with which the prisoner at the bar is charged, if there are circumstances in mitigation of the offense, or if it appears compatible with the public interest * * * the court may suspend the execution of sentence, in whole or in part, * * * and may also place the defendant on probation under the supervision of a probation officer, during good behavior, for such time and under such conditions of probation as the court shall determine. * * *"

Section 53-275, Code of 1950, 1958 Replacement Volume, deals with the power of the court to revoke a suspension of sentence and probation, and its pertinent part reads as follows:

"§ 53-275. * * * The court may, for any cause deemed by it sufficient, revoke the suspension of sentence and any probation, *if the defendant be on probation*, and cause the defendant to be arrested and brought before the court *at any time within the probation period* * * *." (Italics supplied.)

The language used in the concluding paragraphs of all the August 29, 1956, orders clearly shows that the sentences were "hereby" suspended for one year, and at the same time the court placed the defendant "on probation during his good behavior for one (1) year [only, on all the sentences] upon the condition that he keep the peace and dignity and not violate any of the laws of the Commonwealth of Virginia * * * for a period of one (1) year and report to the Probation Officer * * * from time to time as required by law." The orders speak as of the day they were entered, and the defendant's probation ran for one year from that date. Had the court intended to make the probation period longer than one year it could have done

---

1 "§ *19-269*. * * * When any person is convicted of two or more offenses, and sentenced to confinement, such sentences shall not run concurrently, unless expressly ordered by the court."

so by placing in its orders longer periods of probation, not to exceed ten years, the maximum period for which the defendant might originally have been sentenced to imprisonment. It is manifest from the orders of August 29, 1956, that the probation period expired on August 29, 1957, in each case.

There is no merit in the contention of the Commonwealth that by virtue of § 19-269 the "sentences and attributes thereof, probation and suspension, run consecutively," and that the defendant was placed on probation for five successive one-year periods.

Section 19-269 applies only to the *serving* of sentences to confinement in prison. An order granting probation is not a sentence to confinement. Indeed, it has exactly the opposite effect. A probation order stays, relieves, or prevents a person from confinement in prison.

The language of the orders cannot be construed to mean that after the expiration of the one-year probation period there were other probation periods fixed to run consecutively for two, three and four years thereafter.

When a court in its order prescribes the period of suspension and supervised probation it may, under § 53-275, revoke the suspension and probation only within the probation period. *Dyke* v. *Commonwealth*, 193 Va. 478, 483, 69 S. E. 2d 483, 486.

Since the defendant's probation period of one year expired on August 29, 1957, he was not on probation when he was served with the order of September 26, 1958, to show cause why his probation should not be revoked for violating its terms and conditions. The violation of the terms and conditions of probation occurred, and the show cause order was served, many months after his probation had expired. The trial court did not have the power to invoke its jurisdiction to revoke the orders of August 29, 1956, and the motion to quash and dismiss the show cause order should have been sustained.

For the reasons given, the judgment orders of the trial court, revoking the defendant's probation and committing him to the penitentiary, are reversed and the case remanded.

*Reversed and remanded.*