## Richmond

JAMES H. CONNER, JR. V. COMMONWEALTH OF VIRGINIA.

October 10, 1966.

Record No. 6261.

Present, All the Justices.

*Joseph R. Johnson, Jr.* for the plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

This case presents only a question of whether two sentences for felonies imposed on the defendant, James H. Conner, Jr., shall run concurrently or consecutively under the following facts:

On March 2, 1964, in the Corporation Court, defendant, on pleas of guilty, was convicted on four separate felony indictments, num-

bered 1, 2, 3 and 4, of forgery, and was sentenced on each indictment, by a separate order in each case, to a term of two years in the penitentiary.

Each of the four orders recorded the pronouncement of sentence in this identical language: "* * it is considered by the court that the accused, the said James H. Conner, Jr., be confined in the penitentiary of this Commonwealth for the aforesaid term of two years, to be computed from the date of this judgment, * *."

The order in the present case, No. 1, provided that there should be deducted "24 days spent by the accused in jail awaiting trial," and that he pay the costs of the prosecution. The quoted words were omitted in the other orders.

The order of March 2, 1964, in the present case, No. 1, directed that the execution of the sentence therein pronounced be suspended on condition that the defendant serve four months in jail, be of good behavior for two years from that date, and he was placed on probation under the supervision of the probation officer for that period and required to restore the money obtained by the forgeries. The suspensions in the other cases were on the same conditions except they omitted the jail and restoration requirements.

Later, on December 11, 1964, the court entered in the present case, No. 1, an order which recited that it has been reported to the court that the defendant had violated the terms and conditions of the suspension and probation; that a rule and capias had issued requiring defendant to show cause why said suspension and probation should not be revoked; that upon the appearance of the defendant in person and by counsel the court heard the evidence, which showed that the defendant had in fact violated said terms and conditions, and accordingly it was ordered that said suspension and probation be revoked, "and said accused shall serve the original sentence in this case."

By a similar order entered at the same time, December 11, 1964, the suspension of the sentence in Case No. 2 was likewise revoked and the defendant was required to serve the original sentence of two years in that case. However, in the order in that case, after directing that the defendant shall serve the original sentence, the court added: "* * this sentence to be computed from the date of expiration of the sentence in case No. 1, this day imposed upon said accused by this court."

The suspensions and probations in Cases No. 3 and No. 4 were not revoked. We granted a writ of error to the defendant in this

case and also in Case No. 2, which was assigned Record No. 6262, and by agreement and upon motion of the parties it was ordered by this court that the records and briefs in Case No. 2 be not printed, and that the judgment entered in this case shall control in Case No. 2.

Defendant contends that the provision in all of the orders that the sentence of two years in the penitentiary thereby imposed was "to be computed from the date of this judgment," March 2, 1964, was unmistakably a requirement that the four sentences were to run concurrently and that the court below did not have the right or power, more than nine months later, after the orders had become final, to change the sentences and require that two of them should run consecutively. Rules of Court, Rule 1:9; *Smith* v. *Commonwealth*, 195 Va. 297, 299, 77 S.E.2d 860, 862. We agree with that contention.

Code § 19.1-294, 1960 Repl. Vol., provides:

"When any person is convicted of two or more offenses, and sentenced to confinement, such sentences shall not run concurrently, unless expressly ordered by the court."

We said in *Hudson* v. *Youell*, 179 Va. 442, 451, 19 S.E.2d 705, 709, that by this statute the court is given express power to order sentences to run concurrently, "but in the absence of express direction, they still run consecutively."

Explicitly and expressly the court said in each of the four orders that each of the four sentences was "to be computed from the date of this judgment." The date of the judgment in each case was March 2, 1964. If each sentence was to be computed from that date, it is difficult to find any logical way to conclude that it was meant thereby that the sentences should run consecutively, not concurrently. The direction that all the sentences shall run from the same date does not indicate an intention to have them run one after the other. It clearly means that they shall run from the same time in the same period. To compute is to count, and to direct that the term of two years in all the cases is to be computed from the date of all the orders, which was March 2, 1964, necessarily means that the terms of the sentences in all of the cases are to begin at the same time.

For the Commonwealth it is argued that the language of the orders merely conformed to the provision of § 53-207 of the Code* that the term of the confinement in jail or penitentiary shall com-

---

* § 53-207. Term commences from date of judgment.—The term of confinement in jail or in the penitentiary for the commission of a crime shall commence and be computed from the date of the final judgment, which, in case of an appeal, shall be that of the refusal of a writ of error or the affirmance of the judgment.

mence and be computed from the date of the final judgment, and hence did not indicate an intention to make the sentences run concurrently. It was said, however, in *Hudson* v. *Youell, supra,* that § 53-207 (then § 5019, Code 1942, Michie) must be read in conjunction with § 19.1-294 (then § 4786), and must give way to the latter section when they conflict.

More recently, in *Peyton* v. *Williams,* 206 Va. 595, 600, 145 S.E.2d 147, 150, we referred to the fact that in *Wilkinson* v. *Youell,* 180 Va. 321, 329, 23 S.E.2d 356, 360, we held that § 53-207 was not mandatory and added: "Moreover, it contains no specific requirement for the sequence of sentences to be served."

We are concerned here not with the terms of probation, but with the terms of the sentences imposed by orders which have become final. The difference was noted in *Vick* v. *Commonwealth,* 201 Va. 474, 111 S.E.2d 824, which dealt with a similar question. We there held that there was no merit in the Commonwealth's contention that under § 19-269 (§ 19.1-294, *supra*) sentences, probation and suspension run consecutively and that the defendant in that case was placed on probation for five successive one-year periods. We said that § 19.1-294 applies only to the *serving* of sentences to confinement in prison and "An order granting probation is not a sentence to confinement."

Code § 53-275, 1958 Repl. Vol., provides that in case the execution of a sentence has been suspended and the suspension is revoked, as here, "the original sentence shall be in full force and effect, and neither the time of probation or of suspension shall be taken into account to diminish the original sentence."

The original sentence in this case and the sentence in Case No. 2, Record No. 6262, as well as in Cases 3 and 4, specified that they were to be computed from the date of the judgments. This meant that they were to run concurrently, as permitted by Code § 19.1-294, and the order of December 11, 1964, providing that the sentence in Case No. 2 should be computed from the date of the expiration of the sentence in Case No. 1, was erroneous and is now reversed. Orders will be entered here directing that the sentences in this case and in Case No. 2, Record No. 6262, shall commence and be computed from March 2, 1964, the date of the final orders therein.

*Reversed and final judgment.*