**Richmond**

NORMAN WESLEY WOOD

v.

COMMONWEALTH OF VIRGINIA

No. 1091-90-2

Decided August 27, 1991

COUNSEL

Michael HuYoung (Jane Chittom, on brief), for appellant.

Kathleen B. Martin, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—This appeal arises from a proceeding in which the trial judge revoked sentences that previously were suspended when Norman Wesley Wood was convicted of four charges of larceny. Wood presents the question whether the trial judge upon revocation of suspended sentences may order the sentences to be served consecutively where the original sentencing order recited that the sentences were to run concurrently. For the reasons that follow, we reverse the judgment.

In 1982, Wood was sentenced on four forgery convictions. The sentencing orders state in pertinent part as follows:

Forgery #1 . . . [T]he defendant is hereby sentenced to confinement in the penitentiary of this Commonwealth for the term of Five (5) years, but the Court doth suspend Two (2) years of said penitentiary sentence upon the condition that the defendant keep the peace and be of good behavior. . . .

Forgery #2 . . . [T]he defendant is hereby sentenced to confinement in the penitentiary of this Commonwealth for the term of Five (5) years, but the Court doth suspend Two (2) years of said penitentiary sentence upon the condition that the defendant keep the peace and be of good behavior. . . . *said sentence is to run concurrently with sentence on Charge #1.*

Forgery #3 . . . [T]he defendant is hereby sentenced to confinement in the penitentiary of this Commonwealth for the term of Five (5) years, but the Court doth suspend Two (2) years of said penitentiary sentence upon the condition that the defendant keep the peace and be of good behavior. . . . *said sentence is to run concurrently with sentence on Charge #1 and Charge #2.*

Forgery #4 . . . [T]he defendant is hereby sentenced to confinement in the penitentiary of this Commonwealth for the term of Five (5) years, but the Court doth suspend Two (2) years of said penitentiary sentence upon the condition that the defendant keep the peace and be of good behavior. . . .

*said sentence is to run concurrently with sentence on Charge #1, Charge #2, and Charge #3.*

(emphasis added). The orders did not state that the suspensions were in effect for any specified length of time.

At a hearing in 1990, the trial judge heard evidence that Wood was convicted of a felony in 1989. The trial judge then revoked the four suspended sentences arising from the 1982 forgery convictions. The trial judge, however, refused to order concurrent prison terms, effectively sentencing Wood to serve an additional eight years imprisonment.

■ At the time of sentencing, the judge has express, discretionary authority to order multiple sentences to run concurrently. Code § 19.2-308. "Concurrent service is 'expressly ordered,' within the meaning of the statute, whenever the order contains a direction compliance with which will produce that result." *Perkins v. Peyton*, 369 F.2d 590, 593 (4th Cir. 1966). In the absence of express language in the sentencing order, sentences are statutorily mandated to run consecutively.

When any person is convicted of two or more offenses, and sentenced to confinement, such sentences shall not run concurrently, unless expressly ordered by the court.

Code § 19.2-308; *see also Conner v. Commonwealth*, 207 Va. 455, 457, 150 S.E.2d 478, 479 (1966). It is undisputed that the 1982 sentencing orders imposed upon Wood an effective term of three years imprisonment. Moreover, the Supreme Court has unambiguously construed Code § 19.2-308 to apply "only to the *serving* of sentences to confinement in prison." *Id.* at 458, 150 S.E.2d at 480 (emphasis in the original). Thus, we must resolve whether an order suspending sentences is a sentence to confinement.

■ In *Vick v. Commonwealth*, 201 Va. 474, 111 S.E.2d 824 (1960), the Supreme Court rejected the Commonwealth's argument that by virtue of Code § 19-269 (the predecessor and identical statute to Code § 19.2-308) "sentences and attributes thereof, probation and suspension, run consecutively." *Id.* at 477, 111 S.E.2d at 826. The Court stated:

Section 19-269 applies only to the *serving* of sentences to confinement in prison. An order granting probation is not a sentence to confinement. Indeed, it has exactly the opposite effect. A probation order stays, relieves, or prevents a person from confinement in prison.

The language of the orders cannot be construed to mean that after the expiration of the one-year probation period there were other probation periods fixed to run consecutively for two, three and four years thereafter.

*Id.* (emphasis added). It is likewise tautological that the suspension of sentence is not a sentence to confinement. A suspension relieves the defendant of confinement precisely as does probation. That probation or a suspended sentence may be revoked upon a violation does not change the fact that both, when initially granted, are not sentences of confinement.

Because the statutory presumption of Code § 19.2-308 does not govern suspended sentences, we turn to the language of the order to determine the original sentencing judge's intent. The orders sentencing Wood cannot be read to mean the sentencing judge intended the periods of suspensions to run consecutively. Nothing in any of the orders permits that construction. "[T]he terms of the sentences imposed by orders which have become final" are the controlling factors. *Conner*, 207 Va. at 458, 150 S.E.2d at 480. In the absence of language in the sentencing orders expressing a different intention, the period of suspension under each order commenced at the completion of the serving of the active sentence imposed under each order. Because all four active sentences were run concurrently, each of the four periods of suspension began to run at the same date concurrently.

For these reasons, we reverse the order of the trial judge and remand the case.

*Reversed and remanded.*

Barrow, J., and Elder, J., concurred.