COURT OF APPEALS OF VIRGINIA

Present:    Judges Benton, Humphreys and Petty
Argued at Chesapeake, Virginia


MILTON JAMES, JR., S/K/A
   MILTON N. JAMES, JR.
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1445-05-1                      JUDGE JAMES W. BENTON, JR.
                                                         JUNE 27, 2006
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                            Aundria D. Foster, Judge

            Richard C. Kerns for appellant.

            Richard B. Smith, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Milton James, Jr. contends the trial judge abused her discretion when she revoked his three

suspended sentences and ordered him to serve the sentences consecutively.  We affirm the trial

judge's order.

                                            I.

        In 2000, Milton James, Jr. pled guilty to three counts of forging a public record in violation

of Code § 18.2-168.  The circuit court judge sentenced James to two years in prison with one year

and six months suspended for each of the three convictions.  Each of the three sentencing orders

required James to be on supervised probation for one year and good behavior for eight years

following his release from incarceration.  Each of the orders provided that "[t]he remaining [active]

sentence [for each conviction] is to run concurrently [with the other charges] for sentencing purpose

---

    [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

only." James served six months in jail in accordance with the orders' provision that the unsuspended, active sentences were to be served concurrently.

In 2002 and 2003, James was convicted of new crimes, sentenced to prison, and incarcerated. In 2005, the Commonwealth initiated proceedings to revoke the suspended sentences James received for his 2000 convictions. At that hearing, the trial judge found that James had violated the conditions of good behavior and revoked six months of the previously suspended sentences on each of the three 2000 convictions. The trial judge reviewed the files and orders for the 2000 convictions and ruled that the circuit court judge that sentenced James intended, and the orders specified, that the incarceration "time that was imposed by [the circuit judge] ran the sentences concurrently for sentencing purposes only." The trial judge further ruled "that the time that is [suspended] is not consolidated" but was imposed consecutively. The trial judge revoked six months on each of the three 2000 convictions, ruled that the time of incarceration would run consecutively, and further ruled that "the remaining one year on each of the [2000 convictions] will remain suspended on the same conditions as contained in the original sentencing order."

II.

James contends the circuit court judge who sentenced him in 2000 ordered the three sentences to run concurrently and, therefore, the trial judge abused her discretion when ordering the revoked sentences to be served consecutively. The Commonwealth contends that James is procedurally barred from raising the issue on appeal and that, in any event, the trial judge acted with sound discretion.

Initially, we hold that the issue is not procedurally barred. At the hearing, James's attorney discussed with the trial judge his understanding of the original sentencing orders, and he specifically moved at the conclusion of the judge's ruling "to run these three six month sentences concurrently."

Although the exchange was brief, it was sufficient to inform the trial judge of the issue. See Akers v. Commonwealth, 31 Va. App. 521, 527, 525 S.E.2d 13, 16 (2000); see also Code § 8.01-384.

When the circuit court judge sentenced James in 2000, Code § 19.2-308 provided that "[w]hen any person is convicted of two or more offenses, and sentenced to confinement, such sentences shall not run concurrently, unless expressly ordered by the court." The circuit judge, who convicted James in 2000, ruled that the active time of incarceration imposed on each sentence was "to run concurrently" with each of the other sentences of active time of incarceration "for sentencing purpose only." When the trial judge revoked James's sentences, she properly looked to the language of the conviction orders to determine the sentencing judge's intent. See Wood v. Commonwealth, 12 Va. App. 1257, 1260, 408 S.E.2d 568, 569 (1991).

The record supports the trial judge's ruling that the express language of the conviction orders evince an intent to impose concurrent sentences only for the active portions of the sentences and to impose consecutive terms for the suspended prison sentences. Because the record supports the trial judge's rulings, we hold that the trial judge did not abuse her discretion.

Affirmed.