COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Felton, Judges Elder and Beales
Argued at Chesapeake, Virginia


WILLIAMS PATRICK PIERCE, II, S/K/A
 PATRICK WILLIAM PIERCE, II
                                                        OPINION BY
v.        Record No. 1711-05-2        CHIEF JUDGE WALTER S. FELTON, JR.
                                                        AUGUST 29, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Paul M. Peatross, Jr., Judge

Michael J. Hallahan, II, for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


        Williams Patrick Pierce, II ("appellant") appeals the November 2001 judgment of the

trial court revoking his previously suspended sentences after finding that he violated the terms

and conditions of his probation.  He contends that the trial court erred in its judgment because

1) the capias for his arrest for probation violations was invalid as it was based on the unsworn

written statements of his probation officers; 2) the evidence was not sufficient to support

issuance of the capias; 3) the probation revocation hearing was not held within the time

limitations of Code § 19.2-306; and 4) that the court erred in ordering that his sentences run

consecutively, rather than concurrently as provided in his original sentencing orders, and in

failing to credit him with serving six months on one of his sentences after a previous probation

violation.  In January 2006, appellant was granted a delayed appeal.

BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party in the trial court, granting to it all reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the record reflects that appellant was convicted in May 1987 following his pleas of guilty to two charges (indictment numbers 86-263-1 and 86-263-2) of obtaining money by false pretenses from the University of Virginia. He was sentenced to twenty years imprisonment on each conviction, the sentences ordered to run concurrently. Thereafter, the court suspended fifteen years of each sentence, and ordered that appellant serve five years of each sentence, those sentences to be served concurrently. The fifteen-year suspended sentences were conditioned on appellant being of good behavior for ten years, with five years of supervised probation following his release from incarceration, and thereafter by five years of unsupervised probation. In addition, appellant was ordered to pay restitution of $58,581.37 at the rate of a minimum of $100 per month.

Following his release from incarceration, appellant failed to pay restitution as ordered. In November 1990, he was found to have violated the terms and conditions of his probation, specifically failing to pay restitution. The trial court revoked both of his previously suspended sentences. It reimposed and then resuspended the entire fifteen-year sentence on indictment number 86-263-1. It also reimposed the fifteen-year sentence on indictment number 86-263-2, and then suspended fourteen years and six months. Appellant thereafter served the imposed six months incarceration in 1991.

In August 1992, appellant requested transfer of his probation supervision to California pursuant to the Interstate Compact for the Supervision of Parolees and Probationers ("Interstate

Compact"). See Code § 53.1-176.2. His request was granted on the specific condition that he continue to be bound by Virginia's probation restrictions. He acknowledged in writing that he would "when duly instructed by the Charlottesville Circuit Court return at any time to the state of Virginia." As a further condition for the transfer of his probation supervision to California, he agreed to "waive extradition to the state of Virginia from any jurisdiction . . . where [he] may be found and also agree[d] that [he] [would] not contest any effort by any jurisdiction to return [him] to the state of Virginia." Additionally, the period of his supervised probation was extended to December 20, 1994.

Appellant's probation was transferred to California in June 1993. While under California's supervision of his probation, appellant failed to make regular restitution payments and to maintain regular contact with California probation authorities. In December 1994, a show cause order was issued by the Virginia trial court ordering appellant to "show cause, if any, why a probation violation hearing should not be scheduled." In February 1995, after appellant failed to return to Virginia to answer the show cause, the trial court ordered a capias for his arrest.

The capias remained outstanding until California authorities located appellant in September 1996, at which time he was arrested. Prior to his return to Virginia following his arrest, appellant was convicted of two counts of felony child molestation in California and served three-years imprisonment. Virginia authorities filed a detainer with California to retain custody of appellant on completion of his sentence so that he could be returned to Virginia to answer the probation violation charge. Notwithstanding the detainer, appellant was released from incarceration on the completion of his California sentence in May 1999. Appellant was again arrested on the Virginia capias in August 2000 and thereafter extradited to Virginia. He first

appeared before the trial court in Virginia that same month. He remained continuously incarcerated until his probation revocation hearing was held in September 2001.[1]

At the September 2001 revocation hearing, appellant moved to dismiss the probation violation proceedings, arguing that the capias for his arrest was invalid because it was not based on probable cause and was issued on the unsworn written statements of probation officers in violation of the Fourth Amendment to the United States Constitution and Code § 19.2-72.[2] He also argued that the revocation hearing was not held within the time limitations of Code § 19.2-306.[3] The trial court denied appellant's motion to dismiss and, following a hearing, found that he "willfully violated" the terms and conditions of his probation.

The trial court revoked the suspended fifteen-year sentence on indictment number 86-263-1, reimposed all fifteen years, and then resuspended thirteen years of that sentence, ordering appellant to serve two years imprisonment on that sentence. It also revoked the suspension of the fifteen-year sentence on indictment number 86-263-2, reimposed that sentence, and then resuspended all of that sentence. The trial court then ordered the two sentences to run

---

[1] Between August 2000 and September 2001, appellant twice requested and obtained substitution of counsel to defend him. The trial court also continued the revocation hearing from August 17, 2001 to September 13, 2001 to allow the Commonwealth to respond to appellant's lengthy motion to dismiss.

[2] The Fourth Amendment requires that "no warrants [of arrest] shall issue, but upon probable cause, supported by oath or affirmation . . . ." Code § 19.2-72 requires that "any officer authorized to issue criminal warrants . . . shall examine on oath the complainant . . . [to determine whether] there is probable cause to believe the accused has committed an offense."

[3] Code § 19.2-306, in effect at the time of these proceedings, required that a probation violator be arrested and brought before the trial court within one year after completion of his probation period.

*consecutively*, in contradiction to the May 1987 sentencing order, wherein appellant's sentences of incarceration were ordered to run *concurrently*.[4]

Appellant timely filed a notice of appeal in November 2001. His appeal was not timely perfected, but a delayed appeal was granted in January 2006.

I.

ISSUANCE OF THE CAPIAS

Appellant contends that the trial court erred in denying his motion to dismiss the revocation proceeding. He argues that the capias on which he was arrested in California was invalid as it was not issued on statements, "supported by oath or affirmation," as required by the Fourth Amendment and Code § 19.2-72. He also contends that the Commonwealth's failure to call his California probation officer as a witness at the probation violation hearing prevented the trial court from "knowing the circumstances around whether or not [he] had paid the restitution" and that the evidence was insufficient to establish probable cause to issue the capias for his arrest.

While the Fourth Amendment and Code § 19.2-72 require that an arrest warrant for an individual accused of violating the criminal law be based on sworn statements establishing probable cause, there is no such requirement imposed on the seizure of a probationer, previously convicted of a criminal offense, whose sentence to confinement has been suspended based on his failure to comply with specified terms and conditions of his probation. Code § 53.1-149. Code § 53.1-149 provides, in pertinent part, that:

---

[4] The record is not clear whether the trial court intended the two reimposed sentences run consecutively with each other, or only consecutively with any other sentences appellant was to serve.

> [a]ny probation officer appointed pursuant to this chapter may arrest a probationer without a warrant . . . by a written statement setting forth that the probationer has, in the judgment of the probation officer, violated one or more of the terms or conditions upon which the probationer was released on probation.

In denying appellant's motion to dismiss, the trial court noted it "would prefer that [the written statements containing allegations of the probation violations] be verified, but that it is not required by law and [the probation officer's statement] is reliable enough for the Court to issue the capias." We agree.

We note that probation is, as was the case with appellant here, an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement. As we have often stated, probation is remedial in nature, designed to give the sentenced person an opportunity to avoid the imposed incarceration while living under specified conditions of probation and, where required, paying restitution to the victims he has harmed. See McCullough v. Commonwealth, 38 Va. App. 811, 814, 568 S.E.2d 449, 450 (2002). See also Briggs v. Commonwealth, 21 Va. App. 338, 344, 464 S.E.2d 512, 514 (1995). In cases where the convicted individual fails to comply with terms and conditions of that probation, the probation officer is empowered to arrest him and to cause him to be confined and brought before the court to answer why his probation should not be revoked. Code § 53.1-149. See Miller v. Commonwealth, 25 Va. App. 727, 743-44, 492 S.E.2d 482, 491 (1997) ("The legislature granted . . . probation officer[s] supervisory responsibility for [a defendant's] conduct and treatment during the course of his probation . . . including the responsibility for arresting him for a violation of his probation."). While a revocation hearing is a criminal proceeding, it "is not a stage of a criminal prosecution, and thus does not afford a convict all rights attending a criminal prosecution." Green v. Commonwealth, 263 Va. 191, 195-96, 557 S.E.2d 230, 233 (2002) (citing Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973)).

Here, Virginia probation officers provided written statements to the trial court requesting that it issue a show cause order to bring appellant before it. Appellant notified Virginia probation officers that he would not return to Virginia voluntarily to respond to the show cause order because he could not afford plane fare. Because appellant was in California, the Virginia probation officers lacked authority to arrest appellant in California for failing to comply with the show cause order. From the evidence before it, including the written statements[5] from the Virginia probation officers supervising his probation and appellant's failure to comply with the show cause order, the trial court determined that appellant was not in compliance with the terms and conditions of his probation and ordered a capias to issue for his arrest in California so that he could be returned to Virginia for a probation revocation hearing.

On this record, we find no error in the trial court's ruling that the evidence before it provided sufficient basis for it to issue a capias for appellant's arrest in California and return to Virginia.

## II.

### COMPLIANCE WITH CODE § 19.2-306

Appellant also argues that the trial court erred in denying his motion to dismiss the revocation hearing, contending it was held beyond the one-year limitation required by Code § 19.2-306.[6] Code § 19.2-306, as in effect at the time relevant to these proceedings, provided that:

---

[5] From the written statements, the trial court could conclude that appellant had only limited contact with California probation authorities; that he had paid only $800 in restitution since June 1993 when his supervision was transferred to California; and that he still owed over $51,000 in restitution.

[6] Code § 19.2-306 was substantially amended by the 2002 General Assembly. See 2002 Va. Acts, ch. 628.

> the court may, for any cause deemed by it sufficient which occurred *at any time within the probation period* . . . revoke the suspension of sentence and any probation, if the defendant be on probation, and cause the defendant to be arrested and brought before the court at any time *within one year after the probation period.*

Id. (1978) (amended 2002) (emphasis added).  Appellant asserts that his supervised probation ended on December 20, 1994 and, as a result, his September 16, 1996 arrest on the Virginia capias and August 10, 2000 appearance in the trial court were beyond the one-year statutory period required by Code § 19.2-306.  We disagree.

Appellant's original May 1987 sentencing order required him to be on good behavior for ten years, with five years of supervised probation on his release from incarceration, followed by five years of unsupervised probation.  In December 1992, at appellant's request, his probation supervision was transferred to California pursuant to the Interstate Compact, conditioned on his continued compliance with the conditions of his probation, his agreement to return to Virginia when instructed by the trial court, and his agreement to waive extradition.  Appellant's supervised probation was also extended to December 20, 1994, followed by five years of unsupervised probation.

When the trial court was informed in writing by probation authorities that appellant failed to make restitution on a regular basis and failed to maintain regular contact with California probation officials, it issued its show cause order on December 22, 1994 for appellant to appear on January 17, 1995 to show why a probation violation hearing should not be held.  When appellant failed to comply with that order, a capias was issued on February 10, 1995 for his arrest and return to Virginia for a probation violation hearing.  Appellant was eventually arrested on the Virginia capias in September 1996, within the five-year period he remained on probation after his supervised probation terminated in December 1994.

Prior to his return to Virginia, appellant was convicted of felony child molestation in California and served three years imprisonment there. Notwithstanding Virginia's detainer, appellant was released from custody by California authorities at the completion of his felony sentences in May 1999. He was eventually arrested, extradited to Virginia, and appeared before the trial court on August 10, 2000 to answer for his probation violations. The trial court determined that the time provisions of Code § 19.2-306 regarding probation violation proceedings were tolled during appellant's incarceration in California from September 1996 until May 1999, a period of some thirty-three months, when he was "beyond the jurisdiction and control" of the trial court in Virginia. Rease v. Commonwealth, 227 Va. 289, 295, 316 S.E.2d 148, 151 (1984). Furthermore, "when [appellant], due to his own conduct, [was] no longer under such control and supervision, the act of grace in granting probation in the first place [was] rendered a nullity." Id.

Because appellant's probation was tolled while he was incarcerated in California, his probation extended to September 2002. When he appeared in the trial court in August 2000, the Commonwealth had effectively "arrested and brought [him] before the court" during his period of probation and within the time requirements of Code § 19.2-306. Id.

Accordingly, the trial court did not err in denying appellant's motion to dismiss the September 2001 revocation proceeding for failure to meet the time requirements of Code § 19.2-306.

### III.

### SENTENCING ORDERS

Appellant also contends that the trial court erred, following its revocation of his two previously suspended sentences, when it ordered that the two reimposed sentences be served consecutively, rather than concurrently as provided in the original sentencing order. He also

argues that the trial court erred in not crediting him with six months incarceration he previously served in 1991 on indictment number 86-263-2.

Code § 19.2-308 requires that when a person is convicted and sentenced for two or more offenses, "such sentences shall not run concurrently, unless expressly ordered by the court." Here, the May 1987 original sentencing order specifically provided that appellant's two sentences run concurrently. However, the November 2001 sentencing order, "reimpos[ing] the sentences previously resuspended," directed that "these sentences shall run consecutively with all the other sentences." At that time, the trial court did not "have the right or power . . . after the [May 1987] order[] had become final, to change the sentences and require that two of them should run consecutively." Conner v. Commonwealth, 207 Va. 455, 457, 150 S.E.2d 478, 479 (1966) (citations omitted). See also Wood v. Commonwealth, 12 Va. App. 1257, 408 S.E.2d 568 (1991).

The record further reflects that, in its November 2001 sentencing order, the trial court erred in resentencing appellant to fifteen years incarceration on indictment number 86-263-2 when only fourteen years and six months remained on that sentence following appellant's service of six months incarceration in 1991. It also erred in reimposing a total sentence of thirty years, when only twenty-nine years and six months remained after crediting appellant with the six months previously served. The Commonwealth concedes the trial court's error in its sentencing order and requests that we remand the case to the trial court solely to correct that order.

We find that the trial court erred in its November 2001 order sentencing appellant to serve consecutive, rather than concurrent, sentences of incarceration and in failing to credit appellant for six months of active incarceration he previously served on indictment number 86-263-2, and remand to the trial court solely to correct its sentencing order, consistent with this opinion.

CONCLUSION

We conclude that the trial court did not err in denying appellant's motion to dismiss the revocation proceedings. We affirm the trial court's ruling 1) that the capias for appellant's arrest in California was validly issued and based on sufficient evidence; and 2) that the probation revocation hearing was held within the time frame provided by Code § 19.2-306.

However, the trial court erred in ordering that appellant's reimposed sentences be served consecutively, rather than concurrently as was provided in the May 1987 sentencing order, and in failing to credit appellant with six months incarceration previously served in 1991 on indictment number 86-263-2.

Accordingly, we affirm the judgment of the trial court finding that appellant violated the terms and conditions of his probation and revoking his previously suspended sentences. However, we remand to the trial court solely to correct its sentencing orders consistent with this opinion.

<u>Affirmed in part, reversed in part, and remanded.</u>