COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Huff, Judges Decker and O'Brien
Argued at Richmond, Virginia

DOROTHY ELIZABETH CILWA

MEMORANDUM OPINION[*] BY
v.        Record No. 0687-15-4              JUDGE MARLA GRAFF DECKER
JUNE 26, 2018

COMMONWEALTH OF VIRGINIA

UPON REMAND FROM THE SUPREME COURT OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Brett A. Kassabian, Judge

Shalev Ben-Avraham, Senior Trial Attorney (Office of the Public
Defender, on briefs), for appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

This Court previously held that the instant appeal of Dorothy Elizabeth Cilwa (the

appellant), which challenges the authority of the Circuit Court of Fairfax County to hold her in

violation of a term of probation, was moot and dismissed it.  Cilwa v. Commonwealth,

No. 0687-15-4 (Va. Ct. App. Aug. 12, 2016).  The Supreme Court of Virginia reversed, holding that

the appeal was not moot because the appellant had a continuing obligation to pay fees, costs, and

restitution.  Cilwa v. Commonwealth, No. 161278 (Va. Dec. 14, 2017).  Accordingly, the Supreme

Court remanded the case to this Court for further proceedings on the merits of the appeal.  Id.

On remand, we consider the appellant's two assignments of error.  The appellant argues that

the circuit court lacked authority to hold her in violation of her probation because the stated

probationary period expired without judicial extension and the court lost jurisdiction over her and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

her case. She alternatively suggests that the circuit court erred in concluding that she remained on probation at the time of the instant violation because her probation terminated by contractual agreement. We hold that the circuit court had the necessary jurisdictional authority over the appellant and her case when it revoked her probation and ordered her to serve ninety days of her suspended sentence. Consequently, we affirm the decision of the circuit court.

## I. BACKGROUND

On March 19, 2008, the appellant was convicted of grand larceny. She received a sentence of three years, which the court suspended conditioned upon one year of supervised probation during which she was required to be of good behavior.[1] On August 14, 2008, the court ruled that the appellant had violated that probation based on her conviction for a new offense. It did not revoke her suspended sentence but ordered that her probationary period be extended one year to August 14, 2009.

On June 7, 2009, the appellant was arrested for a new grand larceny offense as well as possession of burglary tools. By report dated June 16, 2009, a probation officer notified the court of the new offenses. The probation officer expressed doubt that the appellant's pending charges "[would] be disposed of prior to her probation expiration date" of August 14, 2009, and requested instruction from the court.

On July 27, 2009, prior to the expiration of the appellant's probation, she and her probation officer signed a document directed to the circuit court judge titled "Extension of Probation." In that document, the appellant "agree[d] to voluntarily extend [her] probation *indefinitely* beyond the scheduled termination date of August 14, 2009, in order to complete inpatient substance abuse treatment and to allow time for disposition of [her] pending felony charge." The judge did not endorse the document, and the record does not reflect that he took any specific action based on it.

---

[1] The court also ordered her to pay costs and restitution.

Instead, the record reflects that the court, in response to the probation officer's June 16, 2009 request for instruction, noted an intention to extend the appellant's probation by one year. On July 30, 2009, the judge issued a bench warrant.[2] At the request of the appellant's probation officer, however, the warrant was recalled and never executed.

On September 16, 2009, at the request of the appellant's probation officer, the judge entered an order purporting to extend her probation "*indefinitely*, until substance abuse treatment and aftercare are completed and pending charges are disposed of." The order stated that "the probationer is in agreement with the extension of supervision" and that her attorney was copied on the order, but neither the appellant nor her attorney endorsed the order, and nothing in it indicated that the court held a hearing before entering the order.

In a letter of September 29, 2009, the probation officer notified the court that the appellant had been arrested again while "high" on prescription medication and had been charged with larceny and trespassing. The probation officer also reminded the court of the appellant's June 7, 2009 arrest for grand larceny and possession of burglary tools. On October 8, 2009, the court issued a bench warrant based on the appellant's arrest for the June 7, 2009 offenses and ordered her to show cause why her suspended sentence should not be revoked. The order also referenced the probation officer's September 29, 2009 letter, in which the officer had noted the appellant's more recent arrest for grand larceny and trespassing. By letter of October 29, 2009, the probation officer notified the court that the appellant was scheduled to enter guilty pleas to the two grand larceny charges.

On December 17, 2009, the court held a revocation hearing based on various alleged violations of the appellant's probation, including the grand larceny offense for which she had been arrested on June 7, 2009. In reciting the procedural history of the appellant's offense, the court

---

[2] The typed date on the bench warrant appears to indicate that the judge issued it on July 30, 2008. However, it recites information about 2009 events, and the parties agree that the warrant was actually issued a year later, on July 30, 2009.

noted its September 16, 2009 order directing that the appellant's "period of supervised probation be extended indefinitely in order for [her] to complete residential drug treatment and aftercare." During the course of the December 17 hearing, the appellant "admitted to the violations, as alleged." After hearing argument, the court found the appellant in violation but ordered "that none of [her] suspended sentence be revoked." By order of January 28, 2010, the court instead directed that the appellant be placed in a residential substance abuse treatment facility and "remain under the same terms and conditions of supervised probation."

In subsequent years, the appellant participated in various drug treatment programs, but she continued to abuse drugs and commit various crimes, resulting in additional probation violations. On December 21, 2014, the appellant was arrested for various new offenses including felony possession of a controlled substance. On February 19, 2015, the court issued a bench warrant and subsequently scheduled another revocation hearing on the original 2008 grand larceny conviction.

Prior to the hearing, the appellant filed a motion to dismiss the bench warrant. She argued that her probation had expired on August 14, 2009, and that the September 16, 2009 order purporting to extend her probation indefinitely was void. She alternatively contended that the July 27, 2009 agreement to extend her probation indefinitely was a contract with a condition subsequent, and she argued that she satisfied the condition when she successfully completed drug rehabilitation treatment. She admitted that the circuit court had not entered an order terminating her probation but suggested that the probation terminated automatically "the moment that she completed" the condition, which she represented had occurred on December 27, 2012.

By order of March 31, 2015, the circuit court denied the appellant's motion to dismiss.[3] In doing so, it held that she had received sufficient notice of her ongoing probationary status to satisfy due process. The court further concluded that the order was "at best voidable as opposed to void" and emphasized that the appellant did not appeal that decision. Finally, it ruled that the order extended her probation indefinitely and that the probationary period did not terminate automatically. The court then revoked the appellant's suspended sentence, resuspended all but ninety days, and terminated her supervised probation.

## II. ANALYSIS

The appellant argues that the circuit court had no authority to hold her in violation of probation in 2015 because it lacked jurisdiction over her and her case. She alternatively suggests that the court erred in concluding that she remained on probation at the time of the instant violation because her "contract" with the Commonwealth to extend her probation had expired.

### A. Standard of Review

On appeal in a revocation proceeding, "the [circuit] court's 'findings of fact and judgment will not be reversed [absent] a clear showing of abuse of discretion.'" Green v. Commonwealth, 65 Va. App. 524, 532, 779 S.E.2d 207, 211 (2015) (quoting Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991)). However, to the extent that the appeal also involves questions of jurisdiction and statutory construction, a *de novo* standard of review applies. Holland v. Commonwealth, 62 Va. App. 445, 451, 749 S.E.2d 206, 209 (2013). "Whether reviewing a [circuit] court's decision for abuse of discretion or *de novo*, we continue to view 'the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth,

---

[3] The handwritten date on the final order is partially illegible. The table of contents prepared by the circuit court clerk pursuant to Rule 5A:10(b)(1)(ii) lists the order date as March 30, 2015. However, the notice of appeal and Court of Appeals records treat the order as dated March 31, 2015. This discrepancy is without legal significance because the notice of appeal, which was filed on April 28, 2015, was timely under either date. See Rule 5A:6(a).

the prevailing party [in the circuit court].'" Zebbs v. Commonwealth, 66 Va. App. 368, 373-74, 785 S.E.2d 493, 495 (2016) (quoting Crawford v. Commonwealth, 281 Va. 84, 97, 704 S.E.2d 107, 115 (2011)).

### B. Jurisdictional Validity of the September 16, 2009 Order

The appellant contends that the September 16, 2009 order extending her probation was void. She asserts that her probation expired on August 14, 2009, because no order extending the probation was entered prior to that date and the court did not provide notice or a hearing before entering the September 16, 2009 order. Consequently, she argues that the court lacked both personal jurisdiction over her and subject matter jurisdiction over her case when it entered that order. As a result, she reasons that the court also lacked jurisdiction for the subsequent revocations of probation upon which the current revocation depended for its validity.

Even assuming the September 16, 2009 order was void, we conclude that the circuit court had personal jurisdiction over the appellant and subject matter jurisdiction over her case as necessary to support the revocation of probation she challenges in this appeal.[4] As the appellant concedes, the circuit court "could still exercise jurisdiction over" her pursuant to Code § 19.2-306(B) for one year after her probation expired, "until August 14, 2010."

Overarching principles provide that the probation statutes "are highly remedial and should be liberally construed to provide trial courts valuable tools for rehabilitation of criminals." Peyton v. Commonwealth, 268 Va. 503, 508, 604 S.E.2d 17, 19 (2004). Additionally, "the power of the courts to revoke suspensions and probation for breach of conditions must not be restricted beyond the statutory limitations." Briggs v. Commonwealth, 21

---

[4] In all cases, we seek "the best and narrowest ground available" for resolving a case. Armstead v. Commonwealth, 56 Va. App. 569, 576, 695 S.E.2d 561, 564 (2010) (quoting Kirby v. Commonwealth, 50 Va. App. 691, 698 n.2, 653 S.E.2d 600, 603 n.2 (2007)). Accordingly, we do not address the validity of the September 16, 2009 order or the Commonwealth's challenge to this Court's decision in Wilson v. Commonwealth, 67 Va. App. 82, 793 S.E.2d 15 (2016).

Va. App. 338, 344, 464 S.E.2d 512, 514 (1995) (quoting Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982)). Code § 19.2-306 expressly provides that "the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). The statute directs that the court may do so as long as it "issues process to notify the accused or to compel [her] appearance before the court *within one year after the expiration* of the period of probation or the period of suspension." Code § 19.2-306(B) (emphasis added).

Due to the authority granted by Code § 19.2-306, the circuit court here "retained jurisdiction over the suspended portion of [the appellant's] sentence on the [2008] grand larceny conviction during the [one]-year period of [her] probation," which ended on August 14, 2009, "and for one year thereafter."[5] See Green v. Commonwealth, 263 Va. 191, 195, 557 S.E.2d 230, 232 (2002). The June 2009 violation occurred within the probationary period that ended August 14, 2009. See Code § 19.2-306(A). Additionally, the court issued process and held a probation revocation hearing on December 17, 2009, well within one year after the expiration of her period of probation on August 14, 2009. See Code § 19.2-306(B). Consequently, regardless of whether the September 16, 2009 order was valid, the court had both personal jurisdiction over the appellant and subject matter jurisdiction over her case when it continued her supervised probation by order of January 28, 2010, and directed that she "remain under the same terms and conditions" of that probation.

The appellant concedes, as we have ruled, that this January 2010 order was "a valid conviction for violating probation and should stand." See Rivera v. Commonwealth, 65

---

[5] The decision in Vick v. Commonwealth, 201 Va. 474, 111 S.E.2d 824 (1960), relied upon by the appellant, is distinguishable because it was decided under an earlier version of the code that required the court to act "within the probation period" rather than within one year after its expiration. See id. at 476, 111 S.E.2d at 826 (emphasis omitted) (quoting Code § 53-275 (repealed 1982)).

Va. App. 379, 384-85 & n.3, 778 S.E.2d 144, 147 & n.3 (2015) (noting that an appellate court is "generally precluded from accepting concessions of law" but may "agree with [such] concessions based on [its] independent review of the record"). She also does not dispute that the circuit court's *intent* was that she "remain under the same terms and conditions of supervised probation" as contained in the September 16, 2009 order. However, she suggests that the status of the September 2009 order as void rendered the court's attempt to incorporate its terms ineffective. Accordingly, the appellant argues that the January 28, 2010 order had no effect beyond its finding of a violation and that she was no longer on probation at the time of the December 2014 violation.

We hold that the appellant's argument fails. As previously discussed, due to the provisions of Code § 19.2-306, the circuit court had authority to enter the January 2010 order ruling that the appellant was in violation of the terms of her probation regardless of whether the court had personal and subject matter jurisdiction to enter the September 2009 order. The January 2010 order referenced language in the September 2009 order merely to set out the terms and conditions of the appellant's probation from January 2010 forward. In ruling that the appellant remained on probation at the time of the December 2014 violation, the court acted within its authority to interpret its own order. See Hodgins v. Commonwealth, 61 Va. App. 102, 108, 733 S.E.2d 678, 681 (2012).

In short, the January 2010 order was in no way dependent upon the September 2009 order for its own jurisdictional validity, and the conditions accompanying the January 2010 order of probation were clear. See Simmons v. Commonwealth, 54 Va. App. 594, 599, 681 S.E.2d 56, 58 (2009) (stating that "[w]hile '[a] court speaks through its orders,'" the reviewing appellate court "[is] 'not restricted to the precise, technical wording of a [circuit] court's order when other evidence in the record clearly establishes that the court had a different intent'" (second alteration

- 8 -

in original) (quoting McBride v. Commonwealth, 24 Va. App. 30, 35-36, 480 S.E.2d 126, 128-29 (1997))). Consequently, the record supports the circuit court's ruling that the appellant remained on indefinite probation for the 2008 grand larceny offense when she committed the December 2014 violation. Cf. Wright v. Commonwealth, 32 Va. App. 148, 149-51, 153, 526 S.E.2d 784, 785-87 (2000) (holding that the circuit court's successive orders resuspending the defendant's sentence on the "same terms and conditions" as in the original sentencing order "set new five-year suspension periods" instead of "reiterat[ing] the original [one]"). If the Court were to accept the appellant's argument that she was no longer on probation, she "would receive a benefit because of the [circuit] court's indulgence and attempts to help [her] overcome [her] drug dependency. Clearly, this was not the [circuit court's] intent [based on the wording of the order,] and the plain language of the statute does not require such a result." Id. at 153, 526 S.E.2d at 786-87 (quoting Briggs, 21 Va. App. at 344, 464 S.E.2d at 514) (analyzing the legislature's intent).

### C. Impact of the Probation Extension Contract

The appellant alternatively argues that the circuit court erred by finding that she was still on probation for the 2008 grand larceny offense when she committed the December 2014 drug offense because her probation had ended by agreement with the Commonwealth. She points to the contractual agreement she entered into with the Commonwealth to extend her probation. The appellant suggests that the circuit court's entry of the September 16, 2009 order "without [conducting] the required hearing" constituted the court's acceptance of the extension agreement. She further argues that the agreement was conditioned upon her completing inpatient substance abuse treatment. The appellant asserts that as a consequence of her completion of substance abuse treatment in January 2013, her probation terminated automatically and she was no longer on probation at the time of her December 2014 arrest.

The appellant's argument fails to account for the well-accepted principle that neither the suspension of sentence nor imposition of probation amounts to a contract with the accused. See Berry v. Commonwealth, 200 Va. 495, 498, 106 S.E.2d 590, 593 (1959) (probation); Richardson v. Commonwealth, 131 Va. 802, 810, 109 S.E. 460, 462 (1921) (suspension), quoted with approval in Marshall v. Commonwealth, 202 Va. 217, 219, 116 S.E.2d 270, 273 (1960). Additionally, the argument does not take into consideration the language of the agreement expressly characterizing the "voluntar[y] exten[sion]" of probation as "indefinite[]." The stated *purpose* of the request for extension was to allow for the appellant's completion of inpatient substance abuse treatment and the disposition of her pending felony charges, but the order clearly characterizes the *duration* of the extension as indefinite.

The specific language of the court's January 28, 2010 order reinforces this point. That order, by directing that the appellant "remain under the same terms and conditions of supervised probation," extended the appellant's probation "indefinitely, *or until further order by the Court*." (Emphasis added). It did not condition her term of probation upon her completion of substance abuse treatment, either directly or indirectly. Cf. Calvillo v. Commonwealth, 19 Va. App. 433, 435, 452 S.E.2d 363, 364 (1994) (holding that the plea agreement, as permitted by Code § 18.2-251, explicitly required dismissal after one year if the defendant did not violate the law in that time). Further, the circuit court rejected the appellant's claim that the order contained such a condition. See Hodgins, 61 Va. App. at 108, 733 S.E.2d at 681 (recognizing a circuit court's authority to interpret its own orders). Finally, the appellant conceded in the circuit court that no order was ever entered terminating her probation.

Consequently, the circuit court correctly ruled that the appellant's probation did not terminate automatically when she completed substance abuse treatment in January 2013.

## III. CONCLUSION

For these reasons, we hold that the circuit court had the necessary jurisdictional authority over the appellant and her case when it revoked her suspended sentence in its March 31, 2015 order and directed her to serve ninety days. Accordingly, we affirm the decision of the circuit court.

<u>Affirmed.</u>