UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Russell, Malveaux and Senior Judge Clements
Argued by teleconference

COREY DESHAWN CLEMONS

                                                    MEMORANDUM OPINION* BY
v.       Record No. 1675-19-1                    JUDGE JEAN HARRISON CLEMENTS
                                                          JULY 21, 2020

COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                          Johnny E. Morrison, Judge

            W. McMillan Powers, Assistant Public Defender, for appellant.

            Mason D. Williams, Assistant Attorney General (Mark R. Herring,
            Attorney General, on brief), for appellee.


        Corey Deshawn Clemons (appellant) appeals from an order finding that he violated the

conditions of his suspended sentences on two larceny convictions and imposing a portion of each

sentence.  On appeal, he argues that the trial court abused its discretion by ordering the imposed

sentences to run consecutively, rather than concurrently.  For the following reasons, we affirm

the trial court's ruling.

                                        BACKGROUND

        "In revocation appeals, the trial court's 'findings of fact and judgment will not be

reversed unless there is a clear showing of abuse of discretion.'"  Jacobs v. Commonwealth, 61

Va. App. 529, 535 (2013) (quoting Davis v. Commonwealth, 12 Va. App. 81, 86 (1991)).  "The

evidence is considered in the light most favorable to the Commonwealth, as the prevailing party

below."  Id. (citing Giles v. Commonwealth, 277 Va. 369, 375 (2009)).  The evidence

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

established that in August 2016, the trial court convicted appellant of grand larceny (count 2) and larceny with the intent to sell or distribute (count 3) and sentenced him to two years of incarceration on each conviction. The court suspended all but ninety days of each sentence "upon the . . . condition[]" that the "time to serve in count 3 shall run CONCURRENTLY with the time to serve in count 2."

In June 2017, the trial court found that appellant had violated the conditions of his suspended sentences and revoked and resuspended the unserved portions of his sentences. The court ordered that "[t]he sentence in count 3 shall run CONCURRENTLY with the sentence in count 2." In May 2018, the trial court again found that appellant had violated the conditions of his suspended sentences and revoked the unserved portions of both sentences.[1] The court resuspended one year and four months of each sentence "upon the . . . condition" that "[t]he time to serve in count 3 shall run CONCURRENTLY with the time to serve in count 2."

In May 2018, appellant completed his term of active incarceration and reentered supervised probation. In September 2019, appellant's probation officer reported that appellant had incurred a new felony larceny conviction. At the revocation hearing, appellant did not contest the violation. After argument by counsel, the trial court found that appellant was "in violation," revoked the unserved portions of his sentences, and resuspended all but three months of each sentence.

Appellant asked whether the active sentences would "run concurrent," and the trial court responded, "I said on each one. I didn't say concurrent." Appellant argued that "the original sentencing order . . . indicates that they are to run concurrent," but the trial court rejected appellant's argument. The trial court's final order revoked the unserved portions of appellant's

---

[1] The trial court initially entered its second revocation order on April 4, 2018. On May 11, 2018, however, the trial court entered a "corrected Violation of Probation Order," which rendered the previous order "null and void."

sentences on each count. The court resuspended all but three months "to serve on each count . . . upon the . . . condition[]" that "[t]his sentence shall run consecutively with all other sentences." This appeal follows.

ANALYSIS

Appellant argues that the trial court "abused its discretion and erred in sentencing [him] to consecutive, rather than concurrent, sentences of incarceration." He contends that the trial court could not order the imposed portions of his sentences to run consecutively because the *original sentencing order* directed his sentences to run concurrently. Appellant relies on Conner v. Commonwealth, 207 Va. 455, 457 (1966), in which the Supreme Court held that once an order directing that sentences "run concurrently" becomes final, the trial court does not "have the right or power . . . to change the sentences and require that [they] should run consecutively."

"Criminal sentencing decisions . . . are vested in the sound discretion of trial judges, not appellate judges." Du v. Commonwealth, 292 Va. 555, 563 (2016) (citation omitted). "When exercising its discretionary power, . . . the trial court 'has a range of choice, and its decision will not be disturbed as long as it stays within that range.'" Id. at 563-64 (quoting Lawlor v. Commonwealth, 285 Va. 187, 212-13 (2013)). "The abuse-of-discretion standard [also] includes review to determine that the discretion was not guided by erroneous legal conclusions." Commonwealth v. Greer, 63 Va. App. 561, 568 (2014) (quoting Porter v. Commonwealth, 276 Va. 203, 260 (2008)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Du, 292 Va. at 564 (quoting Grattan v. Commonwealth, 278 Va. 602, 620 (2009)).

"At the time of sentencing, the judge has express, discretionary authority to order multiple sentences to run concurrently." Wood v. Commonwealth, 12 Va. App. 1257, 1259 (1991) (citing Code § 19.2-308). Nevertheless, "[m]ultiple sentences are presumed to be served

consecutively" and will "'not run concurrently, unless expressly ordered by the court.'" Commonwealth v. Botkin, 68 Va. App. 177, 180 (2017) (quoting Code § 19.2-308). When analyzing whether a trial court ordered two or more sentences to run consecutively or concurrently, "we turn to the language of the order to determine the original sentencing judge's intent." Wood, 12 Va. App. at 1260; see also Simmons v. Commonwealth, 54 Va. App. 594, 599 (2009) ("[A] court speaks through its orders and those orders are presumed to accurately reflect what transpired." (quoting McBride v. Commonwealth, 24 Va. App. 30, 35 (1997))). "In the absence of express language in the sentencing order, sentences are statutorily mandated to run consecutively." Wood, 12 Va. App. at 1259.

Here, appellant's original sentencing order did not expressly state that appellant's "sentences" were to run concurrently. Rather, after suspending all but ninety days of each sentence, the order provided that the "*time to serve* in count 3 shall run CONCURRENTLY with the *time to serve* in count 2." (Emphases added). That language distinguishes between the active and suspended portions of appellant's sentences; and it directs that only the active portion of count 3 shall run concurrently with only the active portion of count 2. Thus, the order did not provide "express[]" language necessary to run the entirety of appellant's sentences concurrently, but evinced instead the trial court's intent that only the active portions of the sentences would run concurrently and to impose consecutive terms for the suspended sentences.

Additionally, the trial court's original sentencing order explicitly stated that appellant's concurrent service of the "time to serve" of each sentence was a "condition[]" of his suspended sentences, not a part of the sentences themselves. "Code § 19.2-303 grants a trial court the authority to fix reasonable terms and conditions for the suspension of execution of a sentence." Hartless v. Commonwealth, 29 Va. App. 172, 175 (1999) (citing Nuckoles v. Commonwealth, 12 Va. App. 1083, 1085-86 (1991)). We have previously recognized that a period of active

- 4 -

incarceration is among the "reasonable conditions" available to the trial court. Nuckoles, 12 Va. App. at 1086-87. If the trial court revokes a suspended sentence under Code § 19.2-306(A), the "original sentence" is thereby placed "in full force and effect," and the trial court reacquires the same discretionary prerogatives that it had at the original sentencing hearing. Code § 19.2-306(C). Accordingly, the trial court is permitted—but not required—to resuspend all or part of those sentences. Code § 19.1-306(C)(ii).

If the trial court resuspends any or all of the sentences, it has "the discretion to impose *different* conditions on the resuspension of those sentences." Reinke v. Commonwealth, 51 Va. App. 357, 363 (2008) (emphasis added) (citing Code § 19.2-306). Indeed, the statutes addressing suspension of sentences "contain[] no indication that any limitations exist on the prospective terms and conditions the court may impose upon revocation and resuspension or that the trial court must reimpose the same terms and conditions imposed on the original suspensions." Id. at 367. To the contrary, the "revocation of a previously suspended sentence and the resuspension of some or all of that previously suspended sentence is *a new sentencing event*." Id. Thus, when a trial court revokes and resuspends the unserved portions of a defendant's sentences, it has the "authority . . . to determine anew what conditions should accompany those suspensions." Id. at 368.

Here, the trial court exercised its statutory authority by conditioning the resuspension of part of appellant's sentences on the sentences running consecutively with all other sentences. By doing so, the trial court did not amend the terms of the original sentence. Rather, it exercised its discretionary prerogative upon the resuspension of appellant's sentences to impose a different condition on the suspension. See id. at 363 (holding that the trial court has "the discretion to impose different conditions on the resuspension of . . . sentences").

Appellant further argues that by ordering appellant's sentences to run consecutively, the trial court also contradicted the June 2017 and May 2018 revocation orders, which ordered his sentences to run concurrently. "Rule 5A:18 requires that an appellant make a specific and contemporaneous objection to properly preserve an issue for appeal, otherwise this Court will deem the issue waived." Pope v. Commonwealth, 60 Va. App. 486, 514 (2012). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." Bass v. Commonwealth, 70 Va. App. 522, 538 (2019) (quoting Roadcap v. Commonwealth, 50 Va. App. 732, 741 (2007)); see also Edwards v. Commonwealth, 41 Va. App. 752, 760 (2003) (*en banc*) (holding that, pursuant to Rule 5A:18, "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review" (citation omitted)). Appellant's only argument at trial was that the court must impose concurrent terms of incarceration because "the *original sentencing order* . . . indicate[d] that they are to run concurrent." (Emphasis added). He did not cite to or rely on the June 2017 or May 2018 revocation orders. Consequently, the trial court did not have the opportunity to consider what effect those orders might have on appellant's sentences, and appellant cannot rely on them for the first time on appeal. See Perry v. Commonwealth, 58 Va. App. 655, 666 (2011).

## CONCLUSION

In sum, the language of the original sentencing order unambiguously evinced the trial court's intent to impose concurrent sentences only for the active portions of appellant's sentences, as a condition of appellant's suspended sentences, and to impose consecutive terms for the suspended sentences. Accordingly, when the trial court revoked and resuspended a

portion of those sentences, it did not abuse its discretion by ordering appellant to serve the imposed portions consecutively.

<u>Affirmed.</u>