**Alexandria**
JOSE SOCORRO CALVILLO
v.
COMMONWEALTH OF VIRGINIA
No. 1244-93-4
Decided December 20, 1994

COUNSEL

Dominique F.T. Poirier, Assistant Public Defender (Steven T. Webster, Deputy Public Defender; Office of the Public Defender, on brief), for appellant.

Richard B. Smith, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—On appeal from his conviction of possession of cocaine, pursuant to Code § 18.2-250, Jose Socorro Calvillo contends that the trial court erred in refusing to dismiss the charge pursuant to Code § 18.2-251. Under the circumstances of this case, we agree. We reverse the conviction and order the charge dismissed.

On March 19, 1992, pursuant to a plea agreement, Calvillo pled guilty to possession of cocaine. The plea agreement provided as follows: "[T]he appropriate disposition in [the possession of cocaine charge] is a disposition pursuant to Code § 18.2-251, whereby the case will be dismissed after one (1) year conditioned that the defendant has no further violations of the law."

The trial court accepted the plea agreement. It delayed imposition of sentence for one year pursuant to Code § 18.2-251 and ordered "that imposition of sentence on [the charge] be continued conditioned that the defendant be placed on unsupervised probation for one (1) year. This case was continued to *March 19, 1993 at 10:00 a.m.*, for final disposition on [the charge]." Neither the trial order nor the record of that day's proceedings discloses any further statement to Calvillo requiring him to appear on March 19, 1993. Calvillo was remanded to custody to serve the sentence imposed on another charge.

Prior to March 19, 1993, due to a scheduling problem, the trial court notified counsel that the case was continued to April 16, 1993. On April 16, 1993, Calvillo's counsel appeared, but Calvillo did not. Calvillo's counsel stated that he had tried to contact Calvillo but had neither seen nor heard from him. The trial court issued a bench warrant commanding that Calvillo be apprehended and produced before the court "to show cause, if any he can, why imposition of sentence should not be imposed and to be further dealt with according to law." Calvillo was arrested and produced on this process.

On May 21, 1993, Calvillo told the trial court that it had not instructed him that he was required to appear and that he had not

understood such a requirement. He stated that he had moved from his previous address and had received no notice requiring his attendance. The evidence disclosed no new violations of the law by Calvillo since March 19, 1992.

Calvillo moved the trial court to dismiss the proceeding pursuant to Code § 18.2-251. The court denied this motion and imposed a sentence of five years, suspending four and one-half years. The court made no finding as to Calvillo's failure to appear on April 16. The court stated: "He's here not for a failure to appear, he's here for disposition on an offense that carries ten years. . . . I'm not considering his failure to appear in my thinking as to what I'm going to impose."

█ Code § 18.2-251 authorizes a trial court, under specified circumstances, to defer proceedings of a case without entering a judgment of guilt and to place the accused on probation upon terms and conditions. Code § 18.2-251 further provides as follows:

[U]pon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this section shall be without adjudication of guilt and is a conviction only for the purposes of applying this section in subsequent proceedings.

The plea agreement, which the trial court accepted on March 19, 1992, explicitly referred to Code § 18.2-251 and required dismissal of the charge after one year if Calvillo committed no further violations of law. Calvillo committed no further violations. Therefore, the trial court was bound to enforce the plea agreement, to discharge Calvillo and to dismiss the charge against him. It erred in failing to do so.

The judgment of the trial court is reversed and the charge is ordered dismissed pursuant to Code § 18.2-251.

*Reversed and dismissed.*

Barrow, J., and Coleman, J., concurred.