COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:    Judges Humphreys, McCullough and Senior Judge Haley
Argued at Fredericksburg, Virginia


JUAN DANIEL VACA DIEZ NUNEZ
                                                            OPINION BY
v.        Record No. 0221-15-4                  JUDGE STEPHEN R. McCULLOUGH
                                                            MARCH 22, 2016
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael F. Devine, Judge

Bryan T. Kennedy, Assistant Public Defender, for appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Juan Daniel Vaca Diez Nunez argues that the trial court erred (1) when it found him guilty

of a felony offense when he was not present at the hearing; (2) when it sentenced him on a felony

offense when he was not present at the sentencing hearing; (3) when it found him in violation of

the terms of his probation as he did not willfully fail to complete terms of his probation as he had

been deported; and (4) by finding that it did not have the authority to dismiss the case under the

Supreme Court's decision in Starrs v. Commonwealth, 287 Va. 1, 752 S.E.2d 812 (2014).  We

hold that on the particular facts of this case, any error was harmless.

BACKGROUND

Nunez was charged under Code § 18.2-250 with possession of an illegal drug.  On

September 9, 2013, he entered a plea of guilty to the charge.  After hearing the Commonwealth's

proffer of evidence, the trial court found the evidence sufficient for guilt but withheld the finding of

guilt.  The court ordered a presentence report and scheduled a hearing for November 15, 2013.

At a hearing on November 15, 2013, at which the defendant was present and represented by counsel, the court asked the defendant if he had any evidence he wished to present, and the defense declined. In addition, the court inquired whether there were any additions or corrections to the presentence report, to which defense counsel stated that there were none. The court concluded that it would make a deferred disposition, as authorized by Code § 18.2-251. The court placed Nunez on supervised probation and continued the case for one year.

On November 19, 2014, the probation office wrote a letter to the court to notify the court that on February 20, 2014, Nunez "was taken into Immigration and Customs Enforcement (ICE) custody. On April 2, 2014, he returned to Bolivia by voluntary departure." In addition, the probation office wrote that

> A record check this date confirmed that . . . Nunez has not knowingly returned to this country illegally. In regards to the special conditions of probation associated with a disposition pursuant to §18.2-251; . . . Nunez did not have the opportunity to complete any of them prior to his arrest and subsequent return to Bolivia.

On November 25, 2014, the court called the case but Nunez was not present and neither was his attorney. The court rescheduled the matter for December 19, 2014. On that date, the court appointed the public defender to represent appellant. The public defender asked the court to dismiss the charge, pursuant to Code § 18.2-251.

At a hearing on January 9, 2015, the court rejected the pleas by Nunez's attorneys to dismiss the case. The court found Nunez guilty and imposed a fine of $2,500, which the court suspended in its entirety.

ANALYSIS

Under Code § 19.2-259, "[a] person tried for felony shall be personally present during the trial." "This provision is 'merely declaratory of a principle of the common law'; it is 'an essential part of the process of law . . . .'" Bilokur v. Commonwealth, 221 Va. 467, 469, 270

S.E.2d 747, 749 (1980) (quoting Noell v. Commonwealth, 135 Va. 600, 608-09, 115 S.E. 679, 681 (1923)). The statutory phrase "during the trial" has been defined as "every stage of the trial from [the accused's] arraignment to his sentence, when anything is to be done which can affect his interest." Palmer v. Commonwealth, 143 Va. 592, 605, 130 S.E. 398, 402 (1925). The Sixth Amendment of the United States Constitution also protects the right of the accused to be present. See Illinois v. Allen, 397 U.S. 337, 338 (1970). A defendant can forfeit his right to be present if he voluntarily absents himself from trial. Cruz v. Commonwealth, 24 Va. App. 454, 464, 482 S.E.2d 880, 885 (1997).

Plainly, Nunez's presence at the review hearing on November 25, 2014 was required under Code § 19.2-259. Palmer, 143 Va. at 605, 130 S.E. at 402. The Commonwealth, however, argues that any error in proceeding in Nunez's absence was harmless. The doctrine of judicial restraint dictates that we decide cases "on the best and narrowest ground available." McGhee v. Commonwealth, 280 Va. 620, 626 n.4, 701 S.E.2d 58, 61 n.4 (2010) (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring)). We will assume, without deciding, that Nunez's absence was not voluntary,[1] and we will likewise assume, without deciding, that it was error for the trial court to proceed to sentence the defendant in his absence. We proceed to determine whether the defendant suffered any prejudice from the court imposing a sentence in his absence.

Although we can find no Virginia precedent directly on point, the United States Supreme Court has indicated that "the right to be present during all critical stages of the proceedings . . . as with most constitutional rights, [is] subject to harmless-error analysis." Rushen v. Spain, 464

---

[1] The Commonwealth argues that appellant voluntarily departed and points to the letter from probation to the court indicating that the defendant made a "voluntary departure." Nunez's attorneys respond that a "voluntary" departure under the deportation regulations is not truly voluntary but is essentially an alternative form of deportation.

U.S. 114, 117 n.2 (1983) (per curiam). The United States Courts of Appeals have followed

Rushen's instruction. See Polizzi v. United States, 926 F.2d 1311, 1319 (2d Cir. 1991); United

States v. Alessandrello, 637 F.2d 131, 138 (3d Cir. 1980); United States v. Allen, 76 F.3d 1348,

1370-72 (5th Cir. 1996); United States v. Watkins, 983 F.2d 1413, 1419 (7th Cir. 1993); United

States v. Gomez, 67 F.3d 1515, 1528 (10th Cir. 1995); United States v. Bradford, 237 F.3d 1306,

1311 (11th Cir. 2001). Other states have reached the same conclusion that error in connection

with the right to be present is subject to harmless error analysis. See, e.g., Luu v. People, 841

P.2d 271, 275 (Colo. 1992); Noble v. State, 446 A.2d 844, 851 (Md. 1982); State v. Bouwman,

354 N.W.2d 1, 8 (Minn. 1984); State v. Shuler, 545 S.E.2d 805, 816 (S.C. 2001) ("Denials of a

defendant's right to be present, as well as other constitutional violations, are subject to a

harmless error analysis.").[2]

We conclude that a harmless error analysis is appropriate either under the constitutional

right to be present or under Code § 19.2-259. By statute, we are directed to conduct harmless

error analysis. Code § 8.01-678 makes "harmless-error review required in *all* cases." Ferguson

v. Commonwealth, 240 Va. ix, ix, 396 S.E.2d 675, 675 (1990) (emphasis in original). Therefore,

we proceed to determine whether Nunez was prejudiced when the court proceeded to impose a

sentence in his absence.

Because the right at issue has a constitutional as well as a statutory dimension, we

employ the standard of review for constitutional error. A constitutional error is harmless if the

error was "harmless beyond a reasonable doubt." Crawford v. Commonwealth, 281 Va. 84, 101,

---

[2] Courts are not unanimous on this point, however. See Hays v. Arave, 977 F.2d 475, 479 (9th Cir. 1992) (sentencing *in absentia* constitutes structural error not subject to harmless error analysis), overruled in part by Rice v. Wood, 77 F.3d 1138, 1144 n.8 (9th Cir. 1996); Holsey v. State, 524 S.E.2d 473, 478 (Ga. 1999) ("This Court has consistently considered the defendant's absence from a critical part of the trial as a defect not subject to harmless error analysis."); State v. Muse, 967 S.W.2d 764, 768 (Tenn. 1998) (finding defendant's absence during entirety of *voir dire* not subject to harmless error analysis).

704 S.E.2d 107, 117 (2011) (quoting Chapman v. California, 386 U.S. 18, 24 (1967)). The defendant can play a crucial role in assisting counsel's representation during different stages of the trial. Accordingly, the state bears a heavy burden to show harmless error when the right at stake is the right to be present.

First, with respect to the trial court's decision to find Nunez guilty, we note that Nunez was present with counsel initially when he pled guilty. When the Commonwealth proffered the facts of the case, defense counsel for Nunez agreed that those were the facts as the defense understood them. Indeed, the trial court could have found Nunez guilty on September 9, 2013, when the trial court found the facts sufficient for a finding of guilt. Nunez's guilt and the facts surrounding the determination were never at issue. Any error in pronouncing guilt in Nunez's absence was clearly harmless beyond a reasonable doubt under these circumstances.

Second, with respect to imposing a sentence, we note that Nunez was also present, with counsel, when the court reviewed the presentence report. Nunez stated that he had no additions or corrections to the report, and neither did he have any additional evidence to present. In addition, at the January 9, 2015 hearing, the Commonwealth presented no evidence. Therefore, Nunez's presence was immaterial with respect to responding to any evidence by the prosecution, such as a victim's impact statement, because there was none.

In addition, it is of no small significance to the harmless error analysis that the trial court imposed a very light sentence.[3] A Class 5 felony is punishable by up to ten years in prison and a fine of up to $2,500. Code § 18.2-10(e). The court imposed no jail time, and punished Nunez with a $2,500 fine, which the court *suspended in its entirety*. It is hard to imagine what kind of evidence would have been adduced thanks to Nunez's presence that would produce an even

---

[3] Of course, under our decision in Head v. Commonwealth, 3 Va. App. 163, 173, 348 S.E.2d 423, 429-30 (1986), the trial court could not have imposed a jail sentence in Nunez's absence.

lighter sentence or a better outcome.  Cf. Holley v. State, 651 So. 2d 50, 54 (Ala. Crim. App. 1995) (sentencing *in absentia* harmless because the defendant received the minimum sentence).

These combined circumstances – Nunez's presence during the guilt phase and when the court reviewed the presentence report, his undisputed failure to comply with the terms of his deferred disposition and a prospective inability to comply, and a lenient sentence that included no jail time and an entirely suspended fine – lead us to conclude that the trial court's decision to pronounce sentence without Nunez being present was harmless beyond a reasonable doubt.

Nunez argues that his failure to comply with the terms of the court's deferred disposition order was not willful, and therefore the court could not find him guilty and impose a sentence. There is no requirement that the failure to comply be willful.  Peyton v. Commonwealth, 268 Va. 503, 604 S.E.2d 17 (2004), does not stand for such a proposition.  Instead, Peyton holds that when a defendant is unable through no fault of his own to satisfy the conditions of a program that constitutes an alternative to ordinary incarceration, the trial court is required to "consider[] reasonable alternatives to imprisonment."  Id. at 511, 604 S.E.2d at 21.  The court here obviously did so, as it did not imprison Nunez.

Keselica v. Commonwealth, 34 Va. App. 31, 537 S.E.2d 611 (2000), which Nunez also cites, dealt with a revocation of probation based, in part, on the defendant's failure to pay restitution.  That case sheds no light on the matter at hand.  It did not deal with a statute that offers an alternative to incarceration provided the defendant complies with certain requirements – and the consequences if he will not or is unable to comply with those requirements.

Deferred dispositions under Code § 18.2-251 are not mechanisms for gratuitous, purposeless absolution.  Such programs are acts of legislative grace that allow someone who has broken the law to avoid conviction, but only if the law breaker can and does satisfy the rehabilitative requirements of the program.  Code § 18.2-251 calls for individual assessment,

- 6 -

treatment, and education, as determined by the court. Appellant did not comply with the terms of the court order and will not be in a position to comply with the order for the foreseeable future. The court was not required to continue the case indefinitely, armed only with the faint hope that appellant might one day be in a position to satisfy the terms of the court's deferred disposition order.

Finally, Nunez argues that "[t]he trial court erred by finding it did not have the authority to dismiss the case under the Supreme Court's decision in Starrs v. Commonwealth, 287 Va. 1, 752 S.E.2d 812 (2014)." The simple answer to this assignment of error is that the trial court did not find that it lacked the authority to dismiss. In response to a memorandum filed by defense counsel, the trial court discussed Starrs and Harris v. Commonwealth, 63 Va. App. 525, 759 S.E.2d 29 (2014), and concluded that the court's authority to make a deferred disposition in this case was no broader than that afforded by Code § 18.2-251. But the court did not base its decision on a perceived lack of authority to dismiss. Instead, the court chose to exercise its discretion under Code § 18.2-251 to impose a sentence in the face of an inability by the defendant to comply with the terms of the order of deferred disposition. There is no dispute that Code § 18.2-251 authorizes a court that has entered a deferred disposition order to enter an order of conviction when the defendant has failed to abide by the conditions imposed by the court. That is precisely what occurred here. The trial court did not err in declining to dismiss the case.

CONCLUSION

We affirm the decision of the trial court.

Affirmed.