COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, AtLee and Senior Judge Annunziata
Argued by teleconference

UNPUBLISHED

ROBERT LEE SMALLWOOD

v.       Record No. 0844-19-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE WILLIAM G. PETTY
MAY 12, 2020

FROM THE CIRCUIT COURT OF WARREN COUNTY
Clifford L. Athey, Jr., Judge

D. Eric Wiseley (Struckmann, White & Wiseley PC, on briefs), for
appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Robert Lee Smallwood argues that the trial court erred in convicting him after he completed

all conditions of the plea agreement and Code § 18.2-251 except for the payment of court costs.  For

the reasons below we affirm the conviction.

I.  BACKGROUND

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

We view the evidence in the light most favorable to the Commonwealth, the prevailing party

below, granting to it the benefit of any reasonable inferences.  Congdon v. Congdon, 40 Va. App.

255, 258 (2003).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On May 31, 2016, Smallwood entered a guilty plea to possession of heroin in violation of Code § 18.2-250. Pursuant to a plea agreement between Smallwood and the Commonwealth, the trial court found sufficient evidence to support the guilty plea but agreed to withhold a finding of guilt pursuant to Code § 18.2-251. On the same day, Smallwood signed a cost form showing prosecution costs of $833. The trial court continued the case for one year and placed Smallwood under supervised probation with a special condition that he pay the costs of prosecution on a schedule to be determined by his probation officer.

Upon review of the deferral in November 2017, Smallwood conceded that the court costs had not yet been paid as required by the agreement. The Commonwealth supported a continuance for an additional year for Smallwood to make the payments. When the trial court again reviewed the case in November 2018, it noted the court costs had not been paid, entered judgment on the conviction, and imposed sentence. This appeal followed.[1]

## II. ANALYSIS

Pursuant to Code § 18.2-251, after finding the facts would justify a conviction of possession of a controlled substance, a trial court "may defer further proceedings and place [the defendant] on probation upon terms and conditions" without entering a judgment of guilt. Additionally, Code § 19.2-303.4 requires that when a trial court "has deferred proceedings, without entering a judgment of guilt, and placed a defendant on probation subject to terms and conditions pursuant to . . . [Code] § 18.2-251 . . . [the court] shall impose upon the defendant costs." "Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided." Code § 18.2-251.

---

[1] The Commonwealth suggests that Smallwood cannot appeal his conviction because he waived his right to appeal when he signed the plea agreement. Appellate courts in Virginia have permitted appeal of a conviction entered by a trial court after a plea agreement involving Code § 18.2-251. See, e.g. White v Commonwealth, 276 Va. 725 (2008) (reversing adjudication of guilt); Cavillo v. Commonwealth, 19 Va. App. 433 (1994) (reversing adjudication of guilt).

"Statutes that permit the trial court to impose alternatives to incarceration, such as probation or conditionally suspended sentences, are highly remedial and should be liberally construed to provide trial courts valuable tools for rehabilitation of criminals." Peyton v. Commonwealth, 268 Va. 503, 508 (2004). The use of these tools "lies in the discretion of the trial court and . . . this discretion is quite broad." Id. (quoting Hamilton v. Commonwealth, 217 Va. 325, 326 (1976)). We interpret statutes *de novo* and consider the use of the trial court's discretionary sentencing tools for abuse of that discretion. Id.

On appeal, Smallwood does not dispute that he failed to pay the court costs as expressly ordered by the trial court.[2] Rather, on appeal, Smallwood argues the trial court erred in convicting him "for failure of a condition not set forth in [Code §] 18.2-251" and "when neither the plea agreement nor order of deferral rendered conviction a consequence of the failure to pay court costs but only made the successful payment of court costs condition precedent to dismissal." Smallwood also argues the trial court "erred Constitutionally in convicting and imposing a prison sentence for [Smallwood's] inability to pay court costs."

Code § 18.2-251 gives a judge discretion to "place[] a defendant on probation subject to terms and conditions" and to "enter an adjudication of guilt" upon "violation of a term or condition." Thus, by the plain language of the statute, a judge may impose terms and conditions in addition to those set forth in Code § 18.2-251. The parties agree that Smallwood completed all the specific conditions enumerated in Code § 18.2-251. But Smallwood also agreed to other terms and conditions, which were enumerated in the plea agreement and ordered by the court. The agreement stated,

> In exchange for the plea of "Guilty" . . . the parties hereto agree that
> the Defendant's finding of guilt and the disposition of the matter
> shall be deferred for one (1) year, during which time the Defendant

---

[2] The plea agreement signed by Smallwood also contained the requirement that he pay all court costs.

- 3 -

> shall be subject to the following terms and conditions: . . . vi. The Defendant shall pay all court costs and the costs of any programs as ordered by her [sic] probation officer."

The trial court order stated, "[a]s special conditions of his suspended sentence, the defendant shall . . . pay the costs on a schedule to be determined by the probation officer." On the same day the agreement was signed by the parties and accepted by the trial court, May 31, 2016, the trial court issued an "Order and Notice of Deferred Payment," signed by Smallwood, that ordered Smallwood to make a deferred payment of $833 in costs "on or before May 30, 2017." Although the imposition of costs was not set forth in Code § 18.2-251, as Smallwood notes, it was a statutorily required condition imposed by Code § 19.2-303.4. That code section requires the trial court to impose costs when deferring adjudication of guilt pursuant to Code § 18.2-251. Therefore, Smallwood's argument that the trial court erred in convicting him for failure of a condition not set forth in Code § 18.2-251 is without merit because it was a "term and condition" authorized by Code § 18.2-251 and mandated by Code § 19.2-303.4.

Nevertheless, Smallwood argues that his failure to pay the court costs could not result in conviction "when neither the plea agreement nor the order of deferral rendered conviction a consequence of the failure to pay court costs; but only made the successful payment of court costs a condition precedent to dismissal." In other words, Smallwood argues that once the court deferred adjudication he could remain in a perpetual state of deferral while the costs were unpaid. Such an interpretation is absurd. "Deferred dispositions under Code § 18.2-251 are not mechanisms for gratuitous, purposeless absolution. Such programs are acts of legislative grace that allow someone who has broken the law to avoid conviction, but only if the law breaker can and does satisfy the rehabilitative requirements of the program." Nunez v. Commonwealth, 66 Va. App. 152, 160 (2016). Here, the rehabilitative requirements included that Smallwood show financial and civic responsibility by paying the court costs associated with his crime. See Code § 19.2-303.4.

Smallwood was aware by the November 13, 2017 hearing, at the latest, that payment of the court costs was a condition of dismissal.[3]  The trial court agreed to continue the case for a year to allow Smallwood to complete the condition.  See Cilwa v. Commonwealth, ___ Va. ___, ___ (Dec. 12, 2019) (upholding a trial court's "flexibility to consider and, if appropriate, to adopt an agreed-upon extension to a probation period if doing so would support the court's rehabilitation goals for the criminal and would uphold the court's equally important duty to protect the public from recidivist crime").  The following dialogue then took place.

> THE COURT:  Mr. Smallwood, just so that I am clear.  I expect it to be paid in full when we review it [on November 12, 2018].
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  So that is about $110 a month . . . that you need to be paying.
>
> THE DEFENDANT:  Thank you very much. . . .
>
> . . . .
>
> THE DEFENDANT:  It will be done.

---

[3] At the November 13, 2017 hearing, the court inquired regarding the court costs, which had increased from $833 on the original cost form to more than $1,300 in November 2017.  Smallwood suggested that there had been confusion concerning payment of the costs.  The probation officer stated to the trial court in a May 23, 2017 letter that Smallwood had obtained full-time employment and that court costs were being garnished from those wages, but this was apparently an error; additionally, the record indicates the probation officer did not set a payment schedule as included in the court order.  Smallwood also notes anomalies in the order memorializing the May 31, 2016 hearing, which was entered in August of that year.  Smallwood notes that the deferral order does not reference the plea agreement and includes by reference all the "usual terms and conditions of probation" and the "additional terms and conditions as imposed in open Court as reflected in the transcript."  The transcript references the plea agreement and some of its conditions, but it does not expressly mention court costs; the cost affidavit was signed by Smallwood after the transcript ended.  The deferral order listed the plea agreement conditions, including court costs, as "special conditions of his suspended sentence" even though no suspended sentence was given.  Regardless of whether Smallwood was initially unclear about the payment of the court costs, the trial court removed all doubt at the November 13, 2017 hearing as to Smallwood's required compliance.

> THE COURT: Fully compliant meaning no further charges and costs are paid in full.
>
> THE DEFENDANT: Yes, sir.

Regardless of Smallwood's understanding before this hearing, as of November 13, 2017, Smallwood knew he had one year to complete the condition of court costs payment in order to avoid the consequence provided in Code § 18.2-251—the adjudication of his guilt. Smallwood represented to the trial court that he understood the condition and had the ability to pay the full court costs by the November 2018 case review. On November 14, 2018, the trial court reviewed the case, found Smallwood had not paid the court costs, and adjudicated Smallwood's guilt. See Code § 18.2-251 ("Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided."). The trial court did not err in exercising the discretion given by Code § 18.2-251.[4]

Finally, Smallwood argues the trial court "erred Constitutionally in convicting and imposing a prison sentence for appellant's inability to pay court costs." Smallwood mischaracterizes his conviction. He was not convicted for inability to pay court costs.[5] He was convicted for possession of heroin.[6] Deferred disposition under Code § 18.2-251 is an act of legislative grace for someone who satisfies the conditions of dismissal, including the imposition of court costs mandated by Code

---

[4] Smallwood points to several alternatives the court could have taken, including another continuance or docketing the costs as a civil judgment. The only question before this Court is whether the trial court's action was an abuse of discretion. It was not. "The court was not required to continue the case indefinitely, armed only with the faint hope that appellant might one day be in a position to satisfy the terms of the court's deferred disposition order." Nunez, 66 Va. App. at 160.

[5] Notably, Smallwood never argued he was unable to pay. On the contrary, he assured the court he had a full-time job and would pay the costs prior to the review hearing. Even at the November 14, 2018 hearing, Smallwood argued he was indigent but never argued he had the inability to pay court costs.

[6] We note also that contrary to Smallwood's argument that the trial court "impos[ed] a prison sentence," the trial court suspended all the sentence it imposed.

§ 19.2-303.4.  Nunez, 66 Va. App. at 160.  The trial court did not abuse its discretion in convicting Smallwood of heroin possession when he failed to complete the conditions.  How the trial court goes about collecting those costs is simply not an issue before us in this appeal.

### III.  CONCLUSION

The issue before this Court is whether the trial court abused its discretion in adjudicating Smallwood's guilt as set forth in Code § 18.2-251 when Smallwood failed to pay court costs imposed by Code § 19.2-303.4.  An abuse of discretion cannot be shown merely because "conscientious jurists could reach different conclusions based on exactly the same facts."  Du v. Commonwealth, 292 Va. 555, 564 (2016) (quoting Thomas v. Commonwealth, 62 Va. App. 104, 111 (2013)).  On the contrary, "[r]easonable trial judges and even some members of this Court, had they been sitting as trial judges in this case, might have reached a different conclusion than the one under review."  Id. (citation omitted).  Because the trial court's decision to adjudicate Smallwood's guilt was "within the bell-shaped curve of reasonable choices available to the trial court," we will not disturb the decision.  See id.  Accordingly, we affirm the trial court.

Affirmed.