COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Malveaux and Causey
Argued at Salem, Virginia

**UNPUBLISHED**

CRAIG ALLEN BAILEY

v.         Record No. 0341-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE RANDOLPH A. BEALES
NOVEMBER 1, 2022

FROM THE CIRCUIT COURT OF ALLEGHANY COUNTY
Edward K. Stein, Judge

James V. Doss, III, for appellant.

Justin B. Hill, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Craig Allen Bailey appeals an order of the Circuit Court of Alleghany County revoking his

suspended sentences for possession with intent to distribute an imitation Schedule II controlled

substance and felony eluding.  In his sole assignment of error on appeal, Bailey argues that "[t]he

trial court erred or abused its discretion in revoking Appellant's probation in its entirety and

sentencing Appellant to serve an active sentence of three years."

## I.  BACKGROUND

In September 2016, the circuit court convicted Bailey, upon his pleas of guilty, of

possession with intent to distribute an imitation Schedule II controlled substance and felony eluding.

The circuit court sentenced Bailey to two years of incarceration for each conviction and suspended

"the execution of the balance of the four-year sentence for time already served."  As a condition of

his suspended sentences, the circuit court placed Bailey on supervised probation for a period of

three years.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In October 2018, the circuit court found Bailey guilty of violating the terms of his probation after Bailey had twice tested positive for amphetamines, had failed to report to multiple probation appointments, and had been convicted of petit larceny. It then revoked the balance of Bailey's previously suspended sentences, which according to the revocation order amounted to three years and four months, and resuspended all but one year.

In December 2020, the circuit court again found Bailey guilty of violating the terms of his probation after Bailey had been convicted of assault and battery and trespassing and had failed to report to his probation officer on two separate occasions. The circuit court then ordered the "revocation of two (2) years of the balance of the previously suspended sentence" imposed in September 2016 and "resuspends the aforesaid two (2) year sentence upon the defendant's entry and completion of the Community-based Corrections System Program (CCAP)."

In September 2021, Bailey's probation officer submitted a major violation report to the circuit court. The probation officer reported that Bailey had failed to be truthful with the CCAP staff and had failed to successfully complete CCAP. Bailey had entered CCAP in April 2021, but the CCAP staff removed him from the program in August 2021 because Bailey "made staff uncomfortable and appeared to be escalating aggressively" and because his behavior was "disruptive for staff and other probationers working on their recovery."

At the November 2021 revocation hearing on this charge, Bailey testified that, during his four months in CCAP, he had obtained his forklift operator's certificate and had started working on his GED. Upon his release from incarceration, Bailey planned on living with his mother in Roanoke and planned on using his forklift certification to find employment. Bailey also stated that he intended to seek outpatient substance abuse treatment in Roanoke. After hearing argument on this matter, the circuit court found that Bailey had violated the terms of his probation. The trial judge stated, "Mr. Bailey, some people just aren't cut out for probation. It's that simple. You were

given every opportunity to comply. You've been offered programs, couldn't do what Court Community Corrections wanted you to do, couldn't do what CCAP wanted you to do. You're just not a candidate for probation."

After the trial court rendered its judgment, the trial judge stated that it was "going to impose the three year sentence that was previously suspended in this case and the Court will release you from your probation obligation." Bailey's counsel stated, "Judge, I was looking at the prior probation order. It looks like what was previously revoked, was, . . . if I didn't hear the Court correctly was two years." The trial judge responded, "[H]owever, he has three years revocable time so the Court did not revoke all the time last time, that time did not go away and the Court is going to revoke all of his revocable time at this point." Consequently, the circuit court entered an order on December 7, 2021, revoking "three (3) years of the previously suspended sentence" imposed in September 2016. Bailey now appeals to this Court.

## II. ANALYSIS

Bailey contends that "[t]he trial court erred or abused its discretion in revoking Appellant's probation in its entirety and sentencing Appellant to serve an active sentence of three years."

On appeal, "[w]e 'view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it.'" *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018) (second alteration in original) (quoting *Henderson v. Commonwealth*, 285 Va. 318, 329 (2013)). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "However, '[a circuit] court by definition abuses its discretion when it makes an error of law.'" *Porter v.*

*Commonwealth*, 276 Va. 203, 260 (2008) (alteration in original) (quoting *Koon v. United States*, 518 U.S. 81, 100 (1996)).

"When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008) (quoting *Pierce v. Commonwealth*, 48 Va. App. 660, 667 (2006)). "In the absence of a clear statutory or constitutional violation, we defer to the discretion of the circuit court regarding the decision of whether any act of grace is appropriate in the first instance." *Garibaldi v. Commonwealth*, 71 Va. App. 64, 69 (2019).

Code § 19.2-306(A) provides the statutory authority for a circuit court to revoke a suspended sentence. At a revocation hearing, the circuit court has discretion to invoke Code § 19.2-306(A)'s authority to revoke a suspension for any reasonable cause occurring "within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A); *see also Hill v. Commonwealth*, ___ Va. ___, ___ (Aug. 11, 2022). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). Code § 19.2-306, however, does not empower the trial court to enlarge or modify an original sentence. *See Robertson v. Superintendent of Wise Corr. Unit*, 248 Va. 232, 236 (1994) ("While the trial court still retained power under Code § 19.2-306 to revoke the suspension of those sentences . . . the court had no authority to lengthen the period of incarceration."); Code § 19.2-306(C). Consequently, the trial court may only reimpose the portion of a defendant's sentence that the defendant has not already served.

At the most recent revocation hearing in November 2021, the trial court found that Bailey had violated the terms of his suspended sentences by failing to complete CCAP. Consequently, the trial court had the statutory authority to revoke the entirety of Bailey's previously suspended

- 4 -

sentences.[1]  *See* Code §§ 19.2-306(C) and 19.2-306.1.  Furthermore, the trial court had extended "an act of grace" to Bailey on three prior occasions by suspending his sentences either in full or in part. *Pierce*, 48 Va. App. at 667.  However, Bailey failed to make productive use of this grace.  The record shows that, between 2016 and 2021, Bailey acquired multiple new convictions and failed to report to his probation officer as instructed on numerous occasions.  Most recently, as a condition of his probation (and of the latest resuspension of his sentences), Bailey was ordered to complete CCAP, but was released from the program because he "was disruptive for staff and other probationers working on their recovery."  According to the major violation report, Bailey "made staff uncomfortable and appeared to be escalating aggressively."  Given all of this evidence, the trial court reasonably concluded that Bailey was "just not a candidate for probation."  Therefore, we certainly cannot say that the trial court abused its discretion by revoking the entirety of Bailey's suspended sentences.  *See Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002) ("When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part.").

Although the trial court certainly did not abuse its discretion in revoking Bailey's suspended sentences in their entirety, the record clearly shows that Bailey did not have three years remaining on his previously suspended sentences.  In September 2016, the circuit court sentenced Bailey to a total of four years of incarceration but gave him credit for time he had already served.  It then suspended "the execution of the *balance* of the four-year sentence *for time already served.*"  This

---

[1] Bailey never raised any argument to the trial court (or in his briefs to this Court on appeal) that his probation violation constituted a "technical violation" under Code § 19.2-306.1(A).  This argument was raised for the first time during oral argument before this Court but is not preserved for appeal.  Rule 5A:18; Rule 5A:20.  Therefore, this Court will not address it on appeal.  *See, e.g.*, *Stokes v. Commonwealth*, 61 Va. App. 388, 397 (2013) ("[T]his Court will not consider an argument presented for the first time at oral argument." (citing *Va. Dep't of State Police v. Barton*, 39 Va. App. 439, 447 (2002))).  Regardless, we note that failure to complete a court-ordered treatment program does not fall under any of the specified technical violations listed in Code § 19.2-306.1(A).

September 2016 order shows that Bailey had already served a portion of his four-year sentence before the circuit court entered the final sentencing order. Following Bailey's first revocation hearing in October 2018, the circuit court revoked "the balance of the previously suspended sentence"—which the circuit court calculated at that time to amount to three years and four months. It then resuspended all but one year of that sentence. Consequently, as a result of the first revocation order, Bailey served one year of imprisonment—leaving it would appear, at most, two years and four months remaining on his suspended sentences.[2] Given that there is nothing in the record before this Court that shows that Bailey still had as much as three years remaining on his suspended sentences, it was indeed an abuse of discretion—and error as a matter of law—for the circuit court to order Bailey to now serve a period of three years of incarceration—clearly more time than remained on his original sentences. *See Robertson*, 248 Va. at 236.

### III. CONCLUSION

In short, the circuit court acted within its discretion by revoking the entirety of Bailey's suspended sentences when he failed to complete CCAP. Given that Bailey had violated the terms of his probation numerous times and given that he had now failed to complete CCAP, as required by the circuit court, the court did not err by concluding that Bailey had failed to respond to the grace

---

[2] The October 2018 revocation order "revoked 3 years & 4 months with all but 1 year resuspended." The following revocation order in February 2021 revoked "two (2) years of the balance of the previously suspended sentence" and then resuspended "the aforesaid two (2) year sentence upon the defendant's entry and completion of the Community-based Corrections Systems Program (CCAP)." Although the February 2021 revocation order only revoked and resuspended two years of Bailey's sentences, Bailey apparently actually had two years and four months left on the sentences. This Court has held that "[w]hen a court revokes the suspension of execution of sentence, 'the original sentence shall be in full force and effect.'" *Leitao v. Commonwealth*, 39 Va. App. 435, 438 (2002) (quoting Code § 19.2-306). If a trial court revokes only a portion of the suspended sentence, the unrevoked portion still remains as part of the defendant's sentence. *See Jacobs*, 61 Va. App. at 540 (stating that the remaining balance of a defendant's original sentence "did not simply disappear" when the trial court revoked a portion of his suspended sentence). Therefore, at the time of the February 2021 revocation order, Bailey apparently still had two years and four months remaining on his sentences. Although the circuit court only revoked and resuspended two years of those sentences, the other four months of the remaining two years and four months "did not simply disappear" from Bailey's sentences. *Id.*

shown by the court and that Bailey was not a suitable candidate for probation—and the circuit court did not abuse its discretion by revoking the entirety of Bailey's suspended sentences.  However, the circuit court incorrectly calculated the time remaining on Bailey's suspended sentences in its latest December 7, 2021 revocation order.  Based upon the record before this Court, it is clear that Bailey has already served more than one year of his original four-year sentence—including the time served for which the circuit court originally gave him credit.  Consequently, Bailey did not have as much as three years remaining on his original sentence after the circuit court required him to serve an additional year in 2018.  Therefore, we hold that the circuit court erred and abused its discretion when it sentenced Bailey to serve three years—more time than Bailey actually had left to serve on his original sentences.  However, because the record before this Court is insufficient for us to determine *exactly how much time remained* on Bailey's original sentences, we remand to the circuit court for it to determine the amount of time that was actually remaining and, therefore, the correct amount of time for Bailey to be actively incarcerated.

For these reasons, while the circuit court certainly did not err in revoking the entire remainder of Bailey's sentences, we must nevertheless reverse the sentence imposed by the circuit court for the reason noted *supra*, and remand to the circuit court for resentencing consistent with this opinion.

*Affirmed, in part, and reversed and remanded, in part.*