COURT OF APPEALS OF VIRGINIA

Present: Senior Judges Clements, Haley and Petty

UNPUBLISHED

GARRETT PATRICK CHAPIN

v.      Record No. 0503-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
NOVEMBER 29, 2022

FROM THE CIRCUIT COURT OF THE CITY OF RADFORD
Josiah T. Showalter, Jr., Judge

(Eric P. Frith; Law Office of Eric P. Frith, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Susan Hallie Hovey-Murray,
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.


Appellant's counsel has moved for leave to withdraw. The motion to withdraw is

accompanied by a brief referring to the part of the record that might arguably support this appeal.

A copy of that brief has been furnished to Garrett Patrick Chapin, appellant, with sufficient time

for him to raise any matter that he chooses. Chapin has not filed any *pro se* supplemental

pleadings. Chapin argues that the trial court abused its discretion by imposing his previously

suspended sentence of nineteen years and resuspending fifteen, resulting in a four-year active

time incarceration.

We have reviewed the parties' pleadings, fully examined the proceedings, and determined

the case to be wholly frivolous.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

In 2017, Chapin pleaded guilty to, and the trial court convicted him of, possession with the intent to distribute cocaine, possession with the intent to distribute a Schedule IV drug, and two counts of possession of marijuana with the intent to distribute. Consistent with the terms of a written plea agreement, the trial court sentenced Chapin to twenty years' incarceration with nineteen years suspended. As a condition of his suspended sentence, Chapin was ordered to complete five years of supervised probation.

In 2019, the trial court revoked and resuspended Chapin's sentence because he violated the conditions of his probation. The trial court ordered Chapin to complete the Boxwood New Life Recovery Program and extended his probation indefinitely. The trial court also cautioned Chapin that it would impose an active sentence if he returned on another violation.

On May 15, 2020, Probation Officer Tawny Booth requested that the trial court issue a capias for Chapin because he had been arrested on narcotics distribution charges; Booth subsequently filed a major violation report. The trial court issued a capias, which was served on Chapin on May 22, 2020. In an addendum, Booth reported that Chapin had been convicted of distribution of marijuana, third offense and two counts of manufacture or distribute a Schedule I/II controlled substance, second offense.

At the revocation hearing, Chapin conceded that he had violated the terms of his probation. Booth testified that Chapin had suffered new convictions during the probation period and, the trial court admitted her reports into evidence.

Chapin testified that he had completed the Boxwood Recovery program, as the trial court had ordered. During his recovery, he completed family therapy with his mother, obtained a job, paid child support and restitution on time, and built a better relationship with his son. Chapin's recovery had gone well until he relapsed. Chapin accepted the responsibility for his actions and his new convictions. He acknowledged to the court that there were no excuses for his actions and expressed his sincere remorse for the choices he had made. He lamented the negative impact they had on his life but remained optimistic that he could achieve his rehabilitation potential because he had successfully completed the Boxwood program. Chapin also expressed his desire to be a better role model for his son and nieces and nephews.

The Commonwealth argued that Chapin was a habitual offender, but submitted the question of an appropriate sentence to the court. Despite his relapse Chapin believed he was a good candidate for a rehabilitation program. He urged the trial court to impose a sentence below the recommended guidelines range.[1]

The trial court found that Chapin violated the terms of his probation. In determining an appropriate sentence, the trial court found that although Chapin had "a lot to offer," it could not "overlook the new convictions." Accordingly, the court revoked the previous sentence and resuspended all but four years. Chapin appeals.

---

[1] The discretionary sentencing guidelines range recommended a sentence between one year and three months and four years.

ANALYSIS

Chapin challenges the sentence the trial court imposed.[2]  After suspending a sentence, a

trial court "may revoke the suspension of sentence for any cause the court deems sufficient that

occurred at any time within the probation period, or within the period of suspension fixed by the

court."  Code § 19.2-306(A).  "When a defendant fails to comply with the terms and conditions

of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in

whole or in part."  *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).  The record

demonstrates that the trial court had sufficient cause to revoke Chapin's suspended sentence;

indeed, Chapin conceded that he had violated the terms of his probation.  The trial court had

discretion to revoke any part of the sentence it deemed appropriate.  *See* Code § 19.2-306(C).[3]

It was within the trial court's purview to weigh any mitigating factors Chapin presented,

including his purported capacity for rehabilitation.  *Keselica v. Commonwealth*, 34 Va. App. 31,

36 (2000).  Balanced against Chapin's potential were his new convictions for several

drug-related offenses and his prior probation violation.  "The statutes dealing with probation and

suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an

offender through the use of probation, suspension of all or part of a sentence, and/or restitution

payments."  *Howell v. Commonwealth*, 274 Va. 737, 740 (2007).  By continuing to engage in

---

[2] Although Chapin asks the Court to apply the ends of justice exception to review his claim, we find that his request that the trial court impose "no more" than three months' incarceration properly preserved his claim.  *Cf. Holguin-Hernandez v. United States*, 140 S. Ct. 762 (2020) (holding that arguing for a sentence lower than that imposed is sufficient to preserve a challenge to the sentence under the Federal Rules of Criminal Procedure).  Thus, we address his challenge to the sentence on the merits.

[3] The General Assembly amended Code § 19.2-306(C) and enacted Code § 19.2-306.1 in 2021.  *See* 2021 Va. Acts, Sp. Sess. I, ch. 538.  We apply the statute in effect when the revocation proceedings began, *see Green v. Commonwealth*, 75 Va. App. 69 (2022), but note that under the circumstances presented in the present case, the trial court would have the same discretion under the new statutory framework.  *See* Code § 19.2-306.1(B).

- 4 -

drug-trafficking activities, Chapin demonstrated to the trial court that he was not amenable to rehabilitation at the present time.

"When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)); *Pierce v. Commonwealth*, 48 Va. App. 660 (2006) (same). Chapin abused the grace the trial court had extended to him twice.

After reviewing the record in this case, we conclude that the sentence the trial court imposed represents a proper exercise of judicial discretion. *Alsberry*, 39 Va. App. at 321-22 (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

## CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). This Court's records shall reflect that Garrett Patrick Chapin is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*